UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 10-50713 |
| | * | |
| GULF FLEET HOLDINGS, INC., et al., | * | CHAPTER 11 |
| | * | |
| Debtor | * | (Jointly Administered w/ Case Nos. |
| | * | 10-50714, 10-50715, 10-50716, |
| | * | 10-50717, 10-50718, 10-50719, |
| | * | 10-50720, 10-50721, 10-50722, |
| | * | 10-50723) |

*********************************************************************

**LIMITED OBJECTION OF BANK ONE EQUITY INVESTORS – BIDCO, INC. TO CERTAIN RELIEF GRANTED TO COLLATERAL AGENT, LENDERS AND SUBORDINATE LENDERS BY FIRST INTERIM CASH COLLATERAL ORDER AND TO RELIEF PROPOSED BY DEBTORS TO BE GRANTED TO COLLATERAL AGENT, LENDERS AND SUBORDINATE LENDERS <u>REGARDING FURTHER USE OF CASH COLLATERAL</u>**

NOW INTO COURT, through undersigned counsel, comes **Bank One Equity Investors – BIDCO, Inc.** ("**BIDCO**") in objection to (i) certain relief granted to the Collateral Agent, the Lenders and the Subordinate Lenders, as those entities are defined in the *First Interim Emergency Order (I) Authorizing Debtors to Use Cash Collateral Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363 and 364 and, (II) Granting Adequate Protection Pursuant to Bankruptcy Code Sections 361, 363(e), 364(e), 364(d) and 364(e)* (the "First Interim Emergency Order") (Dkt. #27) and (ii) certain relief proposed by the Debtors to be granted to the Collateral Agent, the Lenders and the Subordinate Lenders with respect to the further use of cash collateral, and respectfully states:

1.

As a prepetition lender, BIDCO holds as collateral a first preferred ship mortgage on the vessel *Gulf Sabre*. The *Gulf Sabre* is owned by Debtor Gulf Fleet, LLC. On information and belief, Debtor Gulf Fleet, LLC owns no other vessel comprising the "fleet" operated by this group of Debtors.

2.

As of the commencement of these jointly-administered Chapter 11 cases, no other lien[1] encumbered the *Gulf Sabre*.

3.

These jointly-administered Chapter 11 cases have not been substantively consolidated.

4.

In Section 2.8 of a First Amendment to Term Loan and Security Agreement and Term Loan Note, dated as of January 13, 2010, by and between BIDCO and Debtor Gulf Fleet, LLC, Gulf Fleet, LLC specifically agreed that Section 6.1 of the original Term Loan and Security Agreement was and is amended to provide that Gulf Fleet, LLC would not "create, incur, assume or suffer to exist any Lien upon the Vessel [the *Gulf Sabre*] or the Collateral" except for certain excluded liens not at issue here.

**First Objection – Grant of Replacement Liens And Other Lender Protections Against Vessel *Gulf Sabre* Impermissible and Unlawful With Respect To Use Of Cash Collateral By Other Debtors**

5.

In part due to the fact that these Chapter 11 cases have not been substantively consolidated, Debtors' motion to use cash collateral (Dkt. #8), the related cash collateral budget

submitted by Debtors and the First Interim Emergency Order impermissibly and unlawfully intertwine and confuse, to the material detriment of BIDCO, a creditor in only one of the jointly-administered cases, (a) the determination of each Debtor's possession of cash collateral, (b) each Debtor's use of cash collateral in that particular estate, and (c) the lawful ability of the Collateral Agent, the Lenders and the Subordinated Lenders to obtain "lender-type" protections for the use by each Debtor of whatever cash collateral existed, as of the commencement of the cases, in that Debtor's estate.

6.

As discussed in *In re Las Torres Dev., L.L.C.*, 413 B.R 687, 699 (Bankr. S.D. Tex. 2009), it is improper under the Bankruptcy Code to authorize the use of one debtor's cash collateral to pay the administrative expenses of a related debtor's estate. In other words, absent substantive consolidation[2], any administrative costs and expenses incurred by one debtor's estate must be paid by the assets of that estate. Accordingly, the Debtors should be required to (a) quantify the exact amount of cash collateral existing in each Debtor's estate as of the commencement of the cases and (b) submit a cash collateral budget for each Debtor's estate involving the use of only that Debtor's cash collateral and only for the administrative costs and expenses of that Debtor's estate.

7.

Further, due to the indisputable fact that each of the Debtors' estates must remain separate in terms of the rights of creditors as there has been no substantive consolidation, any protections, whether replacement liens or otherwise, that are extended to the Collateral Agent, the Lenders

---

[1]  A lien asserted against the vessel in January 2010 by Bollinger Morgan City LLC has been released.

-3-

and the Subordinated Lenders with respect to use of the cash collateral in a particular Debtor's estate must apply only to the assets of that Debtor's estate and relate only to that Debtor's need to use cash collateral.

8.

In particular, and subject to any additional objection BIDCO may have to the protections extended or to be extended to the Collateral Agent, the Lenders and the Subordinated Lenders, BIDCO expressly objects to:

A. The granting or imposition, whether past, present or future, of a replacement lien against the vessel *Gulf Sabre* in favor of the Collateral Agent, the Lenders and the Subordinated Lenders in connection with the replacement of the cash collateral in the estate of the Debtor Gulf Fleet, LLC used to pay the administrative costs and expenses of any other Debtors in these Chapter 11 cases;

B. Unless and until Debtor Gulf Fleet, LLC irrevocably concedes that BIDCO is oversecured as to the vessel *Gulf Sabre*, the granting or imposition, whether past, present or future, of a replacement lien against <u>any</u> of the assets of Debtor Gulf Fleet, LLC in favor of the Collateral Agent, the Lenders and the Subordinated Lenders in connection with the replacement of the cash collateral in the estate of Debtor Gulf Fleet, LLC used to pay the administrative costs and expenses of any other Debtors in these Chapter 11 cases;

---

[2] The Fifth Circuit has made clear that substantive consolidation is an "extreme and unusual remedy." *In re Gandy*, 299 F.3d 489, 499 (5th Cir. 2002).

-4-

10-50713 - #36 File 05/24/10 Enter 05/24/10 16:55:57 Main Document Pg 4 of 9

C. The granting or imposition, whether past, present or future, of a replacement lien against the vessel *Gulf Sabre* in favor of the Collateral Agent, the Lenders and the Subordinated Lenders in connection with the replacement of the cash collateral in the estate of the Debtor Gulf Fleet, LLC for the use, loss or diminishment of cash collateral existing in the estate of any affiliated Debtor as of the date of commencement of these Chapter 11 cases; and

D. Any use of the use of the cash collateral in the estate of Debtor Gulf Fleet, LLC to pay the administrative costs and expenses of any other Debtors in these Chapter 11 case.

**Second Objection – Grant of Replacement Liens And Other Lender Protections Against *Gulf Sabre* Impermissible Due To BIDCO Credit Agreement Provisions**

9.

Due to the provisions of the Term Loan and Security Agreement, as amended, between BIDCO and Debtor Gulf Fleet, LLC, BIDCO objects to the granting or imposition, whether past, present or future, of a replacement lien against the vessel *Gulf Sabre* in favor of the Collateral Agent, the Lenders and the Subordinated Lenders in connection with the replacement of the cash collateral in the estate of the Debtor Gulf Fleet, LLC used to pay the administrative costs and expenses of any other Debtors in these Chapter 11 cases.

10.

BIDCO has not yet found specific statutory or jurisprudential authority permitting, with respect to a debtor's use of cash collateral, the granting or imposition of a replacement lien of inferior rank against collateral over the express objection of a creditor holding a superior lien with the right under its collateral documentation to prohibit the borrower from allowing inferior

-5-

liens. In contrast, section 364(c)(3) of the Bankruptcy Code expressly authorizes the possibility of a junior lien on property of the estate for new, postpetition financing.

11.

BIDCO reiterates its objection to the granting or imposition of a replacement lien on the vessel *Gulf Sabre* in favor of the Collateral Agent, the Lenders and the Subordinated Lenders in connection with the use, loss or diminishment of cash collateral existing in the estate of any affiliated Debtor as of the date of commencement of these Chapter 11 cases.

## Third Objection – Allowed Superpriority Administrative Expense Claim Should Not Apply to Gulf Fleet, LLC

12.

If the Collateral Agent, the Lenders and the Subordinated Lenders are entitled to assert a superpriority administrative expense due to the loss of adequate protection:

A. Such superpriority administrative expense claim should be limited on a Debtor estate by Debtor estate basis to reflect only the loss of adequate protection arising from the use of that particular Debtor's cash collateral and only to the extent such use was for the payment of that Debtor's own administrative costs and expenses; or

B. BIDCO should receive on a *pari passu* basis the right to assert a superpriority administrative expense for the loss of adequate protection with respect to BIDCO's collateral interest in the vessel *Gulf Sabre*.

For the above reasons, Bank One Equity Investors – BIDCO, Inc. objects to (i) certain relief granted to the Collateral Agent, the Lenders and the Subordinate Lenders in the First Interim Emergency Order and (ii) certain relief proposed by the Debtor to be granted to the

Collateral Agent, the Lenders and the Subordinate Lenders with respect to the further use of cash collateral.

Filed this 24th day of May, 2010.

> Respectfully submitted,
>
> LISKOW & LEWIS
>
> By:
>
>> Philip K. Jones, Esq.
>> Liskow & Lewis
>> One Shell Square
>> 701 Poydras Street, Suite 5000
>> New Orleans, LA 70139
>> Telephone: (504) 581-7979
>> Facsimile: (504) 556-4108
>> Email: pkjones@liskow.com
>>
>> -and-
>>
>> /s/Joseph P. Hebert
>> Joseph P. Hebert (LA Bar #6734; TX Bar #00789095)
>> P.O. Box 52008
>> Lafayette, LA 70505-2008
>> 822 Harding Street
>> Lafayette, LA 70503
>> Telephone: (337) 232-7424
>> Fax: (337) 267-2399
>> Email: jphebert@liskow.com
>>
>> Attorneys for Bank One Equity Investors – BIDCO, Inc.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing *Limited Objection of Bank One Equity Investors – BIDCO, Inc. to Certain Relief Granted to Collateral Agent, Lenders and Subordinated Lenders by First Interim Cash Collateral Order and to Relief Proposed by Debtors to be Granted to Collateral Agent, Lenders and Subordinate Lenders Regarding Further Use of Cash Collateral* has been served upon the following:

Gulf Fleet Holdings, Inc.
2623 SE Evangeline Hwy
Lafayette, LA 70508
*Debtor*

Benjamin W. Kadden
601 Poydras Street, Suite 2775
New Orleans, LA 70130
*Debtor's Counsel*

Star Marine, LLC
Through counsel of record
Benjamin W. Kadden
601 Poydras Street, Suite 2775
New Orleans, LA 70130
*Debtor*

Gulf Wind, LLC
Through counsel of record
Benjamin W. Kadden
601 Poydras Street, Suite 2775
New Orleans, LA 70130
*Debtor*

Gulf Service, LLC
Through counsel of record
Benjamin W. Kadden
601 Poydras Street, Suite 2775
New Orleans, LA 70130
*Debtor*

Gulf Worker, LLC
Through counsel of record
Benjamin W. Kadden
601 Poydras Street, Suite 2775
New Orleans, LA 70130
*Debtor*

Hercules Marine, LLC
Through counsel of record
Benjamin W. Kadden
601 Poydras Street, Suite 2775
New Orleans, LA 70130
*Debtor*

Gulf Fleet, LLC
Through counsel of record
Benjamin W. Kadden
601 Poydras Street, Suite 2775
New Orleans, LA 70130
*Debtor*

Gulf Fleet Marine, Inc.
Through counsel of record
Benjamin W. Kadden
601 Poydras Street, Suite 2775
New Orleans, LA 70130
*Debtor*

Gulf Fleet Management, LLC
Through counsel of record
Benjamin W. Kadden
601 Poydras Street, Suite 2775
New Orleans, LA 70130
*Debtor*

| | |
|---|---|
| Gulf Fleet Offshore, LLC<br>Through counsel of record<br>Benjamin W. Kadden<br>601 Poydras Street, Suite 2775<br>New Orleans, LA 70130<br>*Debtor* | Gulf Ocean Marine Services, LLC<br>Through counsel of record<br>Benjamin W. Kadden<br>601 Poydras Street, Suite 2775<br>New Orleans, LA 70130<br>*Debtor* |

Office of U.S. Trustee
300 Fannin St., Suite 3196
Shreveport, LA 71101
*U.S. Trustee*

by placing same in the United States First Class Mail, properly addressed and postage prepaid.

Lafayette, Louisiana, this 24th day of May, 2010.

/s/Joseph P. Hebert
JOSEPH P. HEBERT

268364_1.DOC