UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 10-50713 |
| | * | |
| GULF FLEET HOLDINGS, INC., et al., | * | CHAPTER 11 |
| | * | |
| Debtor | * | (Jointly Administered w/ Case Nos. |
| | * | 10-50714, 10-50715, 10-50716, |
| | * | 10-50717, 10-50718, 10-50719, |
| | * | 10-50720, 10-50721, 10-50722, |
| | * | 10-50723) |

*****************************************************************

**LIMITED OBJECTION OF LBC CREDIT PARTNERS II, L.P. TO CERTAIN RELIEF GRANTED TO COLLATERAL AGENT, LENDERS AND SUBORDINATE LENDERS BY FIRST INTERIM CASH COLLATERAL ORDER AND TO RELIEF PROPOSED BY DEBTORS TO BE GRANTED TO COLLATERAL AGENT, LENDERS AND SUBORDINATE LENDERS REGARDING FURTHER USE OF CASH COLLATERAL**

NOW INTO COURT, through undersigned counsel, comes **LBC Credit Partners II, L.P.** ("LBC Credit") in objection to (i) certain relief granted to the Collateral Agent, the Lenders and the Subordinate Lenders, as those entities are defined in the *First Interim Emergency Order (I) Authorizing Debtors to Use Cash Collateral Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363 and 364 and, (II) Granting Adequate Protection Pursuant to Bankruptcy Code Sections 361, 363(e), 364(e), 364(d) and 364(e)* (the "First Interim Emergency Order") (Dkt. #27) and (ii) certain relief proposed by the Debtors to be granted to the Collateral Agent, the Lenders and the Subordinate Lenders with respect to the further use of cash collateral, and respectfully states:

1.

As Lender and as Administrative Agent and as Collateral Agent for a prepetition loan, LBC Credit holds as collateral a first preferred ship mortgage on the vessel *Gulf Sun*. The *Gulf*

*Sun* is owned by Debtor Gulf Fleet Offshore, LLC. On information and belief, Debtor Gulf Fleet Offshore, LLC owns one other vessel, the *Gulf Carrier*.

2.

As of the commencement of these jointly-administered Chapter 11 cases, on information and belief, no other lien encumbered the *Gulf Sun*.

3.

These jointly-administered Chapter 11 cases have not been substantively consolidated.

4.

In Section 6.2 of a First Lien Term Loan and Security Agreement, dated as of October 8, 2008, by and between LBC Credit and Debtor Gulf Fleet Offshore, LLC, Gulf Fleet Offshore, LLC specifically agreed that it would not "create, incur, assume or suffer to exist (i) any Lien upon the Vessel [the *Gulf Sun*] or (ii) any Lien upon any of its property, assets or revenues" except for certain excluded liens not at issue here.

**First Objection – Grant of Replacement Liens And Other Lender Protections Against Vessel *Gulf Sun* Impermissible and Unlawful With Respect To Use Of Cash Collateral By Other Debtors**

5.

In part due to the fact that these Chapter 11 cases have not been substantively consolidated, Debtors' motion to use cash collateral (Dkt. #8), the related cash collateral budget submitted by Debtors and the First Interim Emergency Order impermissibly and unlawfully intertwine and confuse, to the material detriment of LBC Credit, a creditor in only one of the jointly-administered cases, (a) the determination of each Debtor's possession of cash collateral, (b) each Debtor's use of cash collateral in that particular estate, and (c) the lawful ability of the Collateral Agent, the Lenders and the Subordinate Lenders to obtain "lender-type" protections for

the use by each Debtor of whatever cash collateral existed, as of the commencement of the cases, in that Debtor's estate.

6.

As discussed in *In re Las Torres Dev., L.L.C.*, 413 B.R 687, 699 (Bankr. S.D. Tex. 2009), it is improper under the Bankruptcy Code to authorize the use of one debtor's cash collateral to pay the administrative expenses of a related debtor's estate. In other words, absent substantive consolidation[1], any administrative costs and expenses incurred by one debtor's estate must be paid by the assets of that estate. Accordingly, the Debtors should be required to (a) quantify the exact amount of cash collateral existing in each Debtor's estate as of the commencement of the cases and (b) submit a cash collateral budget for each Debtor's estate involving the use of only that Debtor's cash collateral and only for the administrative costs and expenses of that Debtor's estate.

7.

Further, due to the indisputable fact that each of the Debtors' estates must remain separate in terms of the rights of creditors as there has been no substantive consolidation, any protections, whether replacement liens or otherwise, that are extended to the Collateral Agent, the Lenders and the Subordinate Lenders with respect to use of the cash collateral in a particular Debtor's estate must apply only to the assets of that Debtor's estate and relate only to that Debtor's need to use cash collateral.

---

[1] The Fifth Circuit has made clear that substantive consolidation is an "extreme and unusual remedy." *In re Gandy*, 299 F.3d 489, 499 (5th Cir. 2002).

-3-

10-50713 - #60 File 05/27/10 Enter 05/27/10 15:13:15 Main Document Pg 3 of 11

8.

In particular, and subject to any additional objection LBC Credit may have to the protections extended or to be extended to the Collateral Agent, the Lenders and the Subordinate Lenders, LBC Credit expressly objects to:

A. The granting or imposition, whether past, present or future, of a replacement lien against the vessel *Gulf Sun* in favor of the Collateral Agent, the Lenders and the Subordinate Lenders in connection with the replacement of the cash collateral in the estate of the Debtor Gulf Fleet Offshore, LLC used to pay the administrative costs and expenses of any other Debtors in these Chapter 11 cases;

B. Unless and until Debtor Gulf Fleet Offshore, LLC irrevocably concedes that LBC Credit is oversecured as to the vessel *Gulf Sun*, the granting or imposition, whether past, present or future, of a replacement lien against any of the assets of Debtor Gulf Fleet Offshore, LLC in favor of the Collateral Agent, the Lenders and the Subordinate Lenders in connection with the replacement of the cash collateral in the estate of Debtor Gulf Fleet Offshore, LLC used to pay the administrative costs and expenses of any other Debtors in these Chapter 11 cases;

C. The granting or imposition, whether past, present or future, of a replacement lien against the vessel *Gulf Sun* in favor of the Collateral Agent, the Lenders and the Subordinate Lenders in connection with the replacement of the cash collateral in the estate of the Debtor Gulf Fleet Offshore, LLC for the use, loss or diminishment of cash collateral existing

-4-

10-50713 - #60 File 05/27/10 Enter 05/27/10 15:13:15 Main Document Pg 4 of 11

in the estate of any affiliated Debtor as of the date of commencement of these Chapter 11 cases; and

D. Any use of the use of the cash collateral in the estate of Debtor Gulf Fleet Offshore, LLC to pay the administrative costs and expenses of any other Debtors in these Chapter 11 case.

**Second Objection – Grant of Replacement Liens And Other Lender Protections Against *Gulf Sun* Impermissible Due To LBC Credit Credit Agreement Provisions**

9.

Due to the provisions of the First Lien Term Loan and Security Agreement, as amended, between LBC Credit and Debtor Gulf Fleet Offshore, LLC, LBC Credit objects to the granting or imposition, whether past, present or future, of a replacement lien against the vessel *Gulf Sun* in favor of the Collateral Agent, the Lenders and the Subordinate Lenders in connection with the replacement of the cash collateral in the estate of the Debtor Gulf Fleet Offshore, LLC used to pay the administrative costs and expenses of any other Debtors in these Chapter 11 cases.

10.

LBC Credit has not yet found specific statutory or jurisprudential authority permitting, with respect to a debtor's use of cash collateral, the granting or imposition of a replacement lien of inferior rank against collateral over the express objection of a creditor holding a superior lien with the right under its collateral documentation to prohibit the borrower from allowing inferior liens. In contrast, section 364(c)(3) of the Bankruptcy Code expressly authorizes the possibility of a junior lien on property of the estate for new, postpetition financing.

11.

LBC Credit reiterates its objection to the granting or imposition of a replacement lien on the vessel *Gulf Sun* in favor of the Collateral Agent, the Lenders and the Subordinate Lenders in connection with the use, loss or diminishment of cash collateral existing in the estate of any affiliated Debtor as of the date of commencement of these Chapter 11 cases.

### Third Objection – Allowed Superpriority Administrative Expense Claim Should Not Apply to Gulf Fleet Offshore, LLC

12.

If the Collateral Agent, the Lenders and the Subordinate Lenders are entitled to assert a superpriority administrative expense due to the loss of adequate protection:

- A. Such superpriority administrative expense claim should be limited on a Debtor estate by Debtor estate basis to reflect only the loss of adequate protection arising from the use of that particular Debtor's cash collateral and only to the extent such use was for the payment of that Debtor's own administrative costs and expenses; or

- B. LBC Credit should receive on a *pari passu* basis the right to assert a superpriority administrative expense for the loss of adequate protection with respect to LBC Credit's collateral interest in the vessel *Gulf Sun*.

For the above reasons, LBC Credit Partners II, L.P. objects to (i) certain relief granted to the Collateral Agent, the Lenders and the Subordinate Lenders in the First Interim Emergency Order and (ii) certain relief proposed by the Debtor to be granted to the Collateral Agent, the Lenders and the Subordinate Lenders with respect to the further use of cash collateral.

Filed this 27th day of May, 2010.

>Respectfully submitted,
>
>LISKOW & LEWIS
>
>By:
>
>>Philip K. Jones, Esq.
>>Liskow & Lewis
>>One Shell Square
>>701 Poydras Street, Suite 5000
>>New Orleans, LA 70139
>>Telephone: (504) 581-7979
>>Facsimile: (504) 556-4108
>>Email: pkjones@liskow.com
>>
>>-and-
>>
>>/s/Joseph P. Hebert
>>Joseph P. Hebert (LA Bar #6734; TX Bar #00789095)
>>P.O. Box 52008
>>Lafayette, LA 70505-2008
>>822 Harding Street
>>Lafayette, LA 70503
>>Telephone: (337) 232-7424
>>Fax: (337) 267-2399
>>Email: jphebert@liskow.com
>>
>>Attorneys for LBC Credit Partners II, L.P.

268848_1

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing *Limited Objection of LBC Credit Partners II, L.P. to Certain Relief Granted to Collateral Agent, Lenders and Subordinated Lenders by First Interim Cash Collateral Order and to Relief Proposed by Debtors to be Granted to Collateral Agent, Lenders and Subordinate Lenders Regarding Further Use of Cash Collateral* has been served upon the following:

Gulf Fleet Holdings, Inc.
2623 SE Evangeline Hwy
Lafayette, LA 70508

Stewart F. Peck
Benjamin W. Kadden
Christopher T. Caplinger
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130
*Also Via Email: speck@lawla.com*

Star Marine, LLC
Through counsel of record
Stewart F. Peck
Benjamin W. Kadden
Christopher T. Caplinger
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130

Gulf Wind, LLC
Through counsel of record
Stewart F. Peck
Benjamin W. Kadden
Christopher T. Caplinger
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130

Gulf Service, LLC
Through counsel of record
Stewart F. Peck
Benjamin W. Kadden
Christopher T. Caplinger
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130

Gulf Worker, LLC
Through counsel of record
Stewart F. Peck
Benjamin W. Kadden
Christopher T. Caplinger
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130

Hercules Marine, LLC
Through counsel of record
Stewart F. Peck
Benjamin W. Kadden
Christopher T. Caplinger
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130

Gulf Fleet, LLC
Through counsel of record
Stewart F. Peck
Benjamin W. Kadden
Christopher T. Caplinger
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130

Gulf Fleet Marine, Inc.
Through counsel of record
Stewart F. Peck
Benjamin W. Kadden
Christopher T. Caplinger
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130

Gulf Fleet Management, LLC
Through counsel of record
Stewart F. Peck
Benjamin W. Kadden
Christopher T. Caplinger
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130

Gulf Fleet Offshore, LLC
Through counsel of record
Stewart F. Peck
Benjamin W. Kadden
Christopher T. Caplinger
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130

Gulf Ocean Marine Services, LLC
Through counsel of record
Stewart F. Peck
Benjamin W. Kadden
Christopher T. Caplinger
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130

Rhett Campbell
Demetra L. Liggins
Thompson & Knight LLP
333 Clay Street, Suite 3300
Houston, TX 77002
*Also Via Email: Rhett.Campbell@tklaw.com
Demetra.Liggins@tklaw.com*

R. Patrick Vance
Mark A. Mintz
Jones, Walker, Waechter, Poitevent,
Carrere & Denegre, L.L.C.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170
*Also Via Email: pvance@joneswalker.com
mmintz@joneswalker.com*

Henry A. King
Timothy S. Madden
Robert J. Stefani
King, Krebs & Jurgens, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170

Steven J. Solomon, Esq.
Gray Robinson, P.A.
1221 Brickell Avenue – Ste. 1600
Miami, FL 33131

-9-

10-50713 - #60 File 05/27/10 Enter 05/27/10 15:13:15 Main Document Pg 9 of 11

Office of U.S. Trustee
300 Fannin St., Suite 3196
Shreveport, LA 71101

BNA Marine Services
P.O. Box 150
Morgan City, LA 70380

Coastal States FFST, Inc.
P.O. Box 1293
Amelia, LA 70340-1293

Doerle Food Services, LLC
Christie Boutte
113 Kol Drive
Broussard, LA 70518

FPS, Inc. – New Orleans
821 Industry Road
Kenner, LA 70062

Hudson Drydocks, Inc.
Wendle Huddleston
1809 West Garner Stree
Morgan City, LA 70380

Odyssea Marine, Inc.
Dept. 37
P.O. Box 4986
Houston, TX 77210

Qorval
2210 Vanderbilt Beach Road
Suite 1206
Naples, FL 34109

Stewart Supply Inc.
P.O. Drawer L
Morgan City, LA 70381

Adriatic Marine, LLC
P.O. Box 259
Harvey, LA 70059

Coastal Distributors, Inc.
503 Amarillo Drive
Houma, LA 70360

Cummins Mid-South, LLC
Mark Whitehead
3770 South Perkins Road
Memphis, TN 38118

Fleet Operators, Inc.
David E. Barousse, Jr.
P.O. Drawer 350
Morgan City, LA 70381

Genesis Offshore, LLC
Eric P. Tanzberger
807 Lakespur Drive
Sugar Land, TX 77479

NREC Power Systems
Bryan F. Chaisson
P.O. Box 3016
5222 Hwy 311
Houma, LA 70361-3010

PortLogistic Agencia Maritima
Av. Venezuela, 27-10 andar
Centro-Rio de Janeiro
Cep: 20.081-311 Brasil

Star Tech Marine Electronics, In
Fidelity Working Capital, LLC
P.O. Box 2671
Baton Rouge, LA 70821

Thomas-Sea Ship Builders, LLC
Walter Thomassie
P.O. Box 399
Bourg, LA 70343

Vacco Marine, Inc.
P.O. Box 8032
Houma, LA  70361

Alan H. Katz
639 Loyola Avenue, 26th Floor
New Orleans, LA  70113

White & Case LLP
200 South Biscayne Blvd.
Suite 4900
Miami, FL  33131

Hugh Ray
Paul D. Moak
McKool Smith P.C.
600 Travis, Suite 7000
Houston, TX  77002
*Also Via Email: hray@McKoolSmith.com*
*pmoak@McKoolSmith.com*

by placing same in the United States First Class Mail, properly addressed and postage prepaid and via email as indicated above.

Lafayette, Louisiana, this 27th day of May, 2010.

/s/Joseph P. Hebert
JOSEPH P. HEBERT