UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 10-50713 |
| GULF FLEET HOLDINGS, INC., et al. | CHAPTER 11 |
| DEBTORS | (Joint Administration Requested w/ Case Nos. 10-50714, 10-50715, 10-50716, 10-50717, 10-50718, 10-50719, 10-50720, 10-50721, 10-50722, 10-50723) |

### DEBTORS' RESPONSE TO LIMITED OBJECTION OF BANK ONE EQUITY INVESTORS – BIDCO, INC. TO THE FIRST INTERIM CASH COLLATERAL ORDER AND TO PROPOSED FURTHER RELIEF REGARDING FURTHER USE OF CASH COLLATERAL

NOW INTO COURT, through undersigned counsel, come Gulf Fleet Holdings, Inc. ("Holdings"), Gulf Ocean Marine Services, LLC ("Gulf Ocean"), Gulf Fleet Offshore, LLC ("Offshore"), Gulf Fleet Management, LLC ("Management"), Gulf Fleet Marine, Inc. ("Marine"), Gulf Fleet, LLC ("GF"), Hercules Marine, LLC ("Hercules"), Gulf Worker, LLC ("Worker"), Gulf Service, LLC ("Service"), Gulf Wind, LLC ("Wind"), and Star Marine, LLC ("Star") (collectively "Gulf Fleet" or the "Debtors"), which file this response to the Limited Objection of Bank One Equity Investors – BIDCO, Inc. ("Bank One") to Certain Relief Granted to Collateral Agent, Lenders and Subordinate Lenders by First Interim Cash Collateral Order and to Relief Proposed by Debtors to be Granted to Collateral Agent, Lenders and Subordinate Lenders Regarding Further Use of Cash Collateral ("Limited Objection") (**Docket No. 36**).

## A. The Granting of Adequate Protection Liens Against the *Gulf Sabre* is Permissible

The first objection raised in the Limited Objection is the assertion that the grant of adequate protection or replacement liens granted against Bank One's purported collateral – the *Gulf Sabre* – is impermissible and unlawful. Bank One cites only one case in support of this objection. That case, however, is inapposite and distinguishable.

Bank One cites *In re Las Torres Development, LLC* for the proposition it is improper under the Bankruptcy Code to authorize the use of one debtor's cash collateral to pay the administrative expenses of a related debtor's estate.[1] Such a characterization of the holding of the cited case is incomplete at best. The debtors in that jointly administered case requested permission to use the cash collateral of one of the debtors to pay both of the debtor's post-petition obligations.[2] The senior creditor holding a security interest in the subject cash collateral objected to the debtors' motion to approve use of its cash collateral and argued that the cash collateral could not be used unless the senior creditor gave consent or the court authorized its use. The court in *Las Torres* found that because the senior creditor objected to such use, Section 363(c)(2)(A) was inapplicable and the court could only authorize use of cash collateral pursuant to Section 363(c)(2)(B).[3] Indeed, the court's analysis under Section 363(c)(2)(B) indicates that the court found that payment of expenses of the jointly administered *La Placita* case was improper.[4] Nowhere in its opinion does the court in *Las Torres* suggest, however, that its finding would apply except in relation to authorization to use cash collateral pursuant to Section 363(c)(2)(B) in the non-consensual context. Simply put, the court in *Las* Torres does not express an opinion regarding the permissibility of use of a secured creditor's cash collateral to pay

---

[1] *See* Limited Objection at page 3 citing *In re Las Torres Dev., L.L.C.*, 413 B.R. 687, 699 (Bankr. S.D. Tex. 2009).
[2] *In re Las Torres Development, L.L.C.*, 413 B.R. 687, 688 (Bankr. S.D. Tex. 2009).
[3] *Id.* at 693-94.
[4] *Id.* at 696-99.

2

expenses of other jointly administered debtors if the secured creditor consents to the use of its cash collateral for that purpose.

In this matter, Section 363(c)(2)(A) is the applicable provision of the Bankruptcy Code that controls. And where, as here, the creditor holding a security interest in the cash collateral consents and joins in the request for authorization of its use, a Court does not need to conduct any further analysis in order to authorize its use.[5] Here, given the application of Section 363(c)(2)(A), it is doubtful that Bank One even has standing to raise any objection to the use of cash collateral.[6]

Regardless, Bank One argues that *Las Torres* supports its position that a junior replacement or adequate protection lien cannot be granted against the assets of GF including the *Gulf Sabre* against which Bank One asserts a security interest. One of the purposes of the motion at issue is to obtain Court authority to use cash collateral to continue to insure, maintain, and preserve all of the assets of the Debtors, including the *Gulf Sabre*. It should be noted that the relief sought in the motion – specifically the granting of a junior lien against *Gulf Sabre* – will likely have a substantially smaller impact on any rights or interests of Bank One than the alternative assertion of a surcharge pursuant to Section 506(c) as a result of those same

---

[5] *See In re Sheehan*, 38 B.R. 859, 861 (Bkrtcy. S.D. 1984) (stating that "[a] debtor in possession may not use, sell, or lease cash collateral as defined in 11 U.S.C. §363(a) *unless each entity that has an interest in such cash collateral consents*, 11 U.S.C. §363(a)(2)(A), *or* the Court, after notice and hearing, authorizes use within the applicable provisions of 11 U.S.C. §363") (*emphasis added*); *see also In re Blackwood Associates, L.P.*, 153 F.3d 61, 67 (C.A. 2 (N.Y.), 1998) (explaining that if a debtor seeks authorization to use cash collateral from the bankruptcy court under §363(c)(2)(B), *rather than seeking the consent of a secured creditor under §363(c)(2)(A)*, the bankruptcy court "shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection" for the secured creditor's interest)(*emphasis added*).
[6] 11 U.S.C. §363(c)(2)(A) and *In re E.S. Bankest, L.C.*, 321 B.R. 590, 595 (noting that a creditor's right to appear and be heard is not the same as standing, and §1109(b) of the Bankruptcy Code does not necessarily permit every part in interest to seek relief on every issue).

3

expenditures on behalf of the *Gulf Sabre*.[7] Such a surcharge pursuant to Section 506(c) would not, however, be junior to any interests of Bank One.

### B. The Bank One Credit Agreement Provisions Are Not an Impediment to Granting of Adequate Protection Liens

Bank One next argues that the Term Loan and Security Agreement bars all but "Permitted Liens" (as defined therein), thereby intimating that a Court is precluded from granting replacement or adequate protection liens pursuant to Section 363.[8] Regardless of Bank One's assertion, the Bankruptcy Code supersedes and overrides provisions of some private contracts and the Debtors submit that the referenced provision is akin to any other *ipso facto* provision which may be rendered inoperable or unenforceable upon the filing of a bankruptcy petition.[9] The Term Loan and Security Agreement also contains other similar *ipso facto* provisions including provisions that (i) limit mergers, dissolution or sale of assets (notably, a request for substantive consolidation could arguably violate this provision as would any proposed sale pursuant to Section 363);[10] (ii) establish that the filing of a bankruptcy petition constitutes an Event of Default;[11] and (iii) bar assignment of any rights or duties except with prior written consent.[12] The enforceability of each of the above provisions cited above is impaired or barred as a result of the filing of the bankruptcy petition by GF. The Debtors submit that Section 6.1 of the Term Loan and Security Agreement and Section 2.8 of the First Amendment thereto are likewise impaired, and the Court has the equitable authority to grant the requested replacement and/or adequate protection liens.

---

[7] *See* 11 U.S.C. §506(c).
[8] *See* Limited Objection at pages 5 and 6.
[9] *See, e.g., In re Cole*, 226 B.R. 647, 652 (B.A.P. 9th Cir. 1998) (defining an *ipso facto* clause as a provision in an executor contract or unexpired lease that (i) results in a breach solely due to the financing condition or bankruptcy filing of a party and (ii) is typically unenforceable in the context of a bankruptcy).
[10] *See* Term Loan and Security Agreement at Section 6.3 at page 29.
[11] *See* Term Loan and Security Agreement at Section 7.1(h) at page 31.
[12] *See* Term Loan and Security Agreement at Section 10.8(b) at page 39.

4

### C. The Proposed Super Priority Administrative Expense Claim Should Apply to All Debtors Including Gulf Fleet, LLC

Bank One's final objection is premised in large part upon the supposed impropriety of the Court's approving the use of cash collateral in relation to multiple related debtors in jointly administered cases. As discussed above, this argument is without basis in law and should be disregarded.

### D. Conclusion

Based upon the foregoing, the Debtors submit that the Court should overrule the Limited Objection and grant the relief requested in the motion.

Respectfully Submitted,

LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD

STEWART F. PECK (#10403)
CHRISTOPHER T. CAPLINGER (#25357)
BENJAMIN W. KADDEN (#29927)
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email: speck@lawla.com; ccaplinger@lawla.com; bkadden@lawla.com
*Attorneys for the Debtors*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Debtors' Response to Limited Objection of Bank One Equity Investors – BIDCO, Inc. to the First Interim Cash Collateral Order and to Proposed Further Relief Regarding Further Use of Cash Collateral has been served upon the parties on the that receive electronic notice via the Court's CM/ECF system, as well as those parties listed on the attached service list via first class mail on this 27th of May 2010.

Adriatic Marine, LLC
P. O. Box 259
Harvey, LA 70059

BNA Marine Services
P. O. Box 150
Morgan City, LA 70380

BrasCrew Service deRecrutamento
Av. Venezuela
27-10 andar-Centro
Rio de Janeiro
Cep: 20.081-311
Brasil

Coastal Distributors, Inc.
503 Amarillo Drive
Houma, LA 70360

Coastal States FFST, Inc.
P. O. Box 1293
Amelia, LA 70340-1293

Cummins Mid-South, LLC
P. O. Box 842316
Dallas, TX 75284-2316

Doerle Food Services, LLC
113 Kol Drive
Broussard, LA 70518

Fleet Operators, Inc.
P. O. Drawer 350
Morgan City, LA 70381

FPS, Inc. – New Orleans
821 Industry Road
Kenner, LA 70062

Genesis Offshore
P. O. Box 1660
Gray, LA 70359

Hudson Offshore
P. O. Box 1781
Morgan City, LA 70381

NREC Power Systems
1042 Paysphere Circle
Chicago, IL 60674

Odyssea Marine, Inc.
Dept. 37
P. O. Box 4986
Houston, TX 77210

Port Logistic Agencia Maritima
Av. Venezuela, 27-10 andar
Centro-Rio de Janeiro
Cep: 20.081-311 Brasil


Qorval
2210 Vanderbilt Beach Road
Suite 1206
Naples, FL 34109

Star Tech Marine Electronics, Inc.
Fidelity Working Capital, LLC
P. O. Box 2671
Baton Rouge, LA 70821

Stewart Supply, Inc.
P. O. Drawer L
Morgan City, LA 70381

Thoma-Sea Ship Builders, LLC
P. O. Box 399
Bourg, LA 70343

Vacco Marine, Inc.
P. O. Box 8032
Houma, LA 70361

White & Case LLP
200 South Biscayne Blvd.
Suite 4900
Miami, FL 33131

Bank of America, N.A.
GA&-903-03-03
1355 Windward Concourse
Alpharetta, GA 30005

Bank One Equity Investors-Bidco, Inc.
Attn: Nemo Viso
236 Third Street
Baton Rouge, LA 70301

Bank of America
P. O. Box 45224
Jacksonville, FL 32232-5224

Brightpoint Capital
Attn: Jeff Zanarini
1001 Brickell Bay Drive, 32nd Floor
Miami, FL 33131

LBC Credit Partners
Attn: Chris Calabrese
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2868

Comerica Bank
Attn: David Balderach
910 Louisiana Street, Suite 410
Houston, TX 77002

Comerica Bank
P. O. Box 650282
Dallas, TX 75265-0282

Office of the United State Trustee
300 Fanin Street, Room 3196
Shreveport, LA 71101

R. Patrick Vance
Mark A. Mintz
Jones, Walker, Waechter, et al.
201 St. Charles Ave., 49th Floor
New Orleans, LA 70170

Joseph P. Hebert, Esq.
Liskow & Lewis
P.O. Box 52008
Lafayette, LA 70505-2008

Phillip K. Jones, Esq.
Liskow & Lewis
One Shell Square
701 Poydras St., Suite 5000
New Orleans, Louisiana 70139

Henry A. King, Timothy S. Madden and
Robert J. Stefani
King, Krebs & Jurgens, P.L.L.C.
201 St. Charles Ave., 45th Floor
New Orleans, LA 70170

Steven J. Solomon, Esq.
Gray Robinson, P.A.
1221 Brickell Ave., Suite 1600
Miami, FL 33131

Alan H. Katz, Asst. General Counsel
Entergy Services, Inc.
639 Loyola Ave., 26th Floor
New Orleans, LA 70113