IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | § | |
|---|---|---|
| IN RE: | § | CASE NO. 10-50713 |
| | § | |
| GULF FLEET HOLDINGS, INC., *et al.* | § | Jointly Administered |
| | § | |
| | § | **(Chapter 11)** |
| Debtors. | § | |

## LIMITED OBJECTION OF AGENT TO
## DEBTORS' MOTION TO USE CASH COLLATERAL
[Relates to Docket Nos. 8 and 27]

Comerica Bank, in its capacity as administrative and collateral agent (in such capacity, the "Agent"), for itself and a syndicate of secured lenders (collectively, the "Senior Bank Lenders") files this limited objection to the *Motion for Emergency Interim Use of Cash Collateral and Grant Replacement Liens Pursuant to Section 363(c) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b)* (the "Motion").[1]

### Factual Background

1.  On May 14, 2010 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the United States Code (the "Bankruptcy Code"). Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.  On May 24, 2010 the Office of the United States Trustee appointed an official committee of unsecured creditors (the "Committee"). To date, no request has been made for the appointment of a trustee or examiner.

---
[1] Dkt. No. 8

**LIMITED OBJECTION TO DEBTORS' USE OF CASH COLLATERAL – PAGE 1**
017104 000414 HOUSTON 6955153.3

3. As of the Petition Date, the Debtors were alleged to be indebted and liable without recourse, counterclaims or offset of any kind to: (i) the Agent and the Senior Bank Lenders pursuant to that certain Revolving Credit and Term Loan Agreement, dated May 1, 2007, as amended by that First Amendment to Revolving Credit and Term Loan Agreement, dated as of August 13, 2007 and that Second Amendment to Revolving Credit and Term Loan Agreement dated January 13, 2010, (the "<u>Senior Credit Facility</u>"), among Gulf Fleet Holdings, Inc., the lenders therefore from time to time (the "<u>Senior Bank Lenders</u>") and the Agent.

4. With certain exceptions,[2] the Senior Credit Facility is secured by all of the Debtors' assets and personal property as more fully described in the Senior Credit Facility (all such property, as the same existed on or at any time before the Petition Date, together with all cash and non-cash proceeds thereof, being hereinafter referred to as the "<u>Senior Lien Collateral</u>," and such security interests thereon and liens thereon shall be referred to as the "<u>Senior Prepetition Liens</u>"). Each of Gulf Fleet's subsidiaries has guaranteed the obligations under the Senior Credit Facility. As of the Petition Date, the outstanding principal balance under the Senior Credit Facility is in an amount not less than $35,994,134.03, plus accrued but unpaid interest, fees, costs, and expenses incurred with respect thereto.

5. On the Petition Date, the Debtors filed the Motion seeking this Court's approval to use Cash Collateral. The Agent and the Senior Bank Lenders have an interest in the Cash Collateral, which comprises a part of their Collateral.

---

[2] The Senior Credit Facility is not secured by two vessels, the Gulf Sabre and the Gulf Sun. Upon information and belief, the Gulf Sabre is collateral for Bank One Equity Investors-BIDCO, Inc. and the Gulf Sun is collateral for LC Credit Partners, II, L.P. References to the Senior Bank Lenders' collateral expressly exclude those vessels.

**LIMITED OBJECTION TO DEBTORS' USE OF CASH COLLATERAL – PAGE 2**
017104 000414 HOUSTON 6955153.3

6. On May 17, 2010, the Court held an interim hearing on the Motion. Thereafter, the Court entered its First Interim Emergency Order (i) Authorizing Debtors to Use Cash Collateral Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363 and 364 and, (ii) Granting Adequate Protection Pursuant to Bankruptcy Code Sections 361, 363(e), 364(e), 364(d) and 364(e) (the "First Interim Cash Collateral Order").[3] A final hearing (the "Hearing") on the Motion is scheduled for May 28, 2010.

**Objection**

7. Section 363(c)(2) of the Bankruptcy Code provides that a debtor-in-possession may not use, sell, or lease cash collateral unless an entity with an interest in such cash collateral consents or the court, after notice and hearing, authorizes such use, sale, or lease.[4] The Agent and the Senior Bank Lenders do not object to the Debtors' continued use of cash collateral for necessary operations and have reached an agreement regarding the Debtors' cash collateral use. This agreement is memorialized in the proposed Second Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection to Lenders (the "Second Interim Cash Collateral Order") attached as **Exhibit A**[5] and the budget in support of same (the "Second Interim Budget") attached as **Exhibit B.** The Agent does not agree to the Debtors' use of cash collateral except in strict compliance with the Second Interim Cash Collateral Order and the Second Interim Budget, as agreed upon between Debtors and the Agent.

**Reservation of Rights**

8. The Agent continues to negotiate with the Debtors, the Committee, and

---

[3] Dkt. No. 27.
[4] 11 U.S.C. § 363(c)(2); *In re Casbeer*, 793 F.2d 1436, 1442 (5th Cir. 1986).
[5] The Second Interim Cash Collateral Order continues to be revised based upon discussion with the Debtors and the Committee. The Committee has not agreed to the current form of the order attached as **Exhibit A**.

LIMITED OBJECTION TO DEBTORS' USE OF CASH COLLATERAL – PAGE 3
017104 000414 HOUSTON 6955153.3

10-50713 - #65 File 05/27/10 Enter 05/27/10 17:45:42 Main Document Pg 3 of 5

other parties-in-interests regarding the Debtors' use of cash collateral. In light of these negotiations, the Agent expects revised versions of the order to be agreed upon between the Debtors and the Agent, as well as a revised Second Interim Budget. Accordingly, the Agent reserves the right to make further objections at the Hearing.

## Prayer

**WHEREFORE,** the Agent respectfully requests that this Court enter an order sustaining this objection and granting such other and further relief as this Court may deem proper, both at law and in equity.

**DATED:** May 27, 2010.

Respectfully Submitted,

**JONES, WALKER, WAECHTER, POITEVENT CARRERE & DENGRE, LLP**

__/s/ Mark A. Mintz_____
R. Patrick Vance
Louisiana Bar Number 13008
pvance@joneswalker.com
Mark A. Mintz
Louisiana Bar Number 31878
mmintz@joneswalker.com
201 St. Charles Ave., 49th Floor
New Orleans, Louisiana 70170-5100
Telephone:   504-582-8368
Facsimile:   504-589-8368

THOMPSON & KNIGHT LLP

  /s Demetra L. Liggins

Rhett G. Campbell
Texas State Bar No. 03714500
rhett.campbell@tklaw.com
Demetra L. Liggins
Texas State Bar No. 24026844
demetra.liggins@tktlaw.com
Three Allen Center
333 Clay Street, Suite 3300
Houston, Texas 77002
Phone: (713) 654-8111
Facsimile: (713) 654-1871

**COUNSEL FOR COMERICA BANK**

### CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2010, a true and correct copy of the foregoing document served on all parties entitled to service via this Court's Electronic Filing System ("ECF").

/s/ Demetra L. Liggins
One of Counsel