UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE:<br>GULF FLEET HOLDINGS, INC., *et al*<br>Debtors | CHAPTER 11<br>CASE NO. 10-50713<br><br>(Jointly Administered with<br>Case Nos. 10-50714, 10-50715<br>10-50716, 10-50717, 10-50718<br>10-50719. 10-50720, 10-50721<br>10-50722, and 10-50723) |

UNITED STATES TRUSTEE'S OBJECTION TO MOTION TO
REVIEW APPOINTMENT OF THE CREDITORS COMMITTEE
FILED BY THOMA-SEA BOAT BUILDERS, L.L.C.

COMES NOW R. Michael Bolen, the United States Trustee for Region 5 ("UST"), by and through undersigned counsel, and objects to the Motion to Review Appointment of the Creditors Committee filed by Thoma-Sea Boat Builders, L.L.C. (hereinafter "Thoma-Sea") based on the following:

INTRODUCTION

The UST formed an unsecured creditors' committee on May 24, 2010 pursuant to his duty under 11 U.S.C. §1102(a)(1). Appointment of an unsecured creditors' committee is a discretionary action of the UST under §1102(a)(1). Although the statute does not specifically authorize judicial review, any review by a bankruptcy court of the UST's appointment of a committee should be based on an abuse of discretion standard. Thoma-Sea has not demonstrated that the UST abused his discretion in appointing the unsecured creditors' committee or that a change to the membership is necessary to ensure adequate representation of creditors. The members to the committee were fairly chosen and are representative of the different kinds of claims held by unsecured creditors.

1

## BACKGROUND

This case was commenced on May 14, 2010, when eleven related entities filed voluntary petitions under chapter 11 of the Bankruptcy Code. The cases were joined for administration on May 25, 2010, with the case of Gulf Fleet Holdings, Inc. (hereinafter "debtor"), case no. 10-50713, being designated as the lead case.

The UST solicited members for an unsecured creditors' committee and promptly received numerous requests to be appointed to the committee (hereinafter "UCC"). The UST appointed a UCC on May 24, 2010 by filing a notice of appointment into the court record. Thoma-Sea requested membership and was duly considered for membership. Thoma-Sea was invited to participate in an initial, organizational telephone conference to be held on May 24, 2010, for the purpose of gathering final information prior to formation of the UCC. Prior to the telephone conference, the UST learned there was significant state court litigation between the debtor or an affiliate of the debtor and Thoma-Sea. The telephone conference proceeded as scheduled. Only three of the five invitees participated in the call. Thoma-Sea's representative did not participate in the conference call. The conference did not result in the formation of a committee.

Subsequent to the initial telephone conference, the UST contacted debtor's counsel and the representative of Thoma-Sea to learn more about the nature of the litigation. The representative of Thoma-Sea appeared to agree that it would be in the best interests of the unsecured creditors not to be appointed to the UCC. The UST appointed five creditors to the UCC from the list of unsecured creditors.

## STATUTORY AUTHORITY

The relevant portions of the Bankruptcy Code are as follows:

2

§105. Power of court

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

§1102. Creditors' and equity security holders' committees

(a)(1) ...[A]s soon as practicable after the order for relief under chapter 11 ..., the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors or of equity security holders as the United States trustee deems appropriate.

....
....

(a)(4) On request of a party in interest and after notice and a hearing, the court may order the United States trustee to change the membership of a committee appointed under this subsection, if the court determines that the change is necessary to endure adequate representation of creditors ....

(b)(1) A committee of creditors appointed under subsection (a) of this section shall ordinarily consist of the persons, willing to serve, that hold the seven largest claims against the debtor of the kinds represented on such committee....

## DISCUSSION

THE COURT SHOULD DENY THE MOTION TO REVIEW THE APPOINTMENT OF THE CREDITORS' COMMITTEE BECAUSE THE UST ACTED WITHIN HIS DISCRETION IN APPOINTING THE COMMITTEE.

The Court should not direct the UST to alter the membership of the UCC to include Thoma-Sea to the UCC. Thoma-Sea has not demonstrated that the UST acted arbitrarily or capriciously in choosing the members for the UCC and not appointing Thoma-Sea.

1. <u>The UST's selection of members for the UCC was well within his discretion.</u>

Section 1102(a) provides that the UST "shall appoint a committee of creditors holding

3

unsecured claims ... as the United States trustee deems appropriate." The appointment of a committee by the UST is a discretionary act under §1102(a)(1). The Court may only review the UST's actions under §105(a) for an abuse of discretion. *Value Merchants, Inc.*, 202 B.R. 280, 287 (E.D. Wis. 1996). The selection of representatives for a UCC is a judgment call, and a court may not substitute its judgment for the judgment of the UST. *Fas Mart Convenience Stores, Inc.*, 265 B.R. 427, 431 (Bankr. E.D. VA 2001).

Thoma-Sea alleges certain facts regarding the litigation between it and the debtor's affiliate and asserts that Thoma-Sea's principal has no "untoward animosity" toward the debtor. Even if undisputed, the alleged facts fail to demonstrate that the UST's appointment of the UCC was arbitrary and capricious. Prior to formation of the UCC, the UST learned of a lawsuit between Thoma-Sea and an affiliate or related entity of the debtor. The UST contacted Thoma-Sea's representative and corroborated the existence of the litigation and the significant nature of the dispute. This lawsuit constituted a legitimate basis for concern about appointing Thoma-Sea to the UCC. The UST did not act arbitrarily or capriciously by not appointing Thoma-Sea.

The UST is not required to appoint creditors holding the largest seven claims. The statute clearly states that a committee "shall *ordinarily* consist" of persons that hold the seven largest claims. 11 U.S.C. §1102(b)(1). The objective is to fairly appoint persons holding the largest seven claims who adequately represent the type of claims to be represented. The UST exercised sound discretion in appointing the UCC.

2. <u>The members appointed to the UCC can adequately represent unsecured creditors.</u>

Thoma-Sea has not alleged that the creditors who were appointed to the UCC cannot adequately represent the interests of unsecured creditors. Under 11 U.S.C. §1102(a)(4), the court

4

may order a change in the membership of a committee "if the court determines that the change is necessary to ensure adequate representation of creditors...." The members of the UCC are relatively large creditors among the unsecured creditors. The original members and the claims held by them are as follows:

| Creditor | Debtor's Account of Claim | (nature of claim) |
|---|---|---|
| Hudson Drydocks, Inc. | $612,885 | (trade /ship repairs) |
| Genesis Offshore, LLC | $119,229 | (trade) |
| Cummins Mid-South, LLC | $113,635 | (trade)(creditor claims $182,208) |
| NREC Power Systems | $71,091 | (trade, parts & service)(creditor claims $124,145) |
| Doerle Food Services, LLC | $62,589 | (creditor claims $72,312)(trade) |

All of the members of the UCC are listed on the debtor's list of creditors holding the 20 largest claims (PACER doc. #1-2). The claims are representative of the claims held by the general trade creditors. There is no basis for the Court to determine that a change is necessary in order to "ensure adequate representation of creditors."

## PRAYER

WHEREFORE, the UST objects to Thoma-Sea's motion to review the appointment of the creditors' committee and request to be appointed to the UCC on the grounds that the UST did not act arbitrarily or capriciously by not appointing Thoma-Sea, and the UST prays for an order denying Thoma-Sea's motion and granting such other relief as is just in the circumstances.

Date: June 11, 2010

Respectfully submitted,

R. MICHAEL BOLEN
United States Trustee
Region 5, Judicial Districts
of Louisiana and Mississippi

By: /s/ *Leonard W. Copeland*
Leonard W. Copeland

5

10-50713 - #126 File 06/11/10 Enter 06/11/10 15:25:49 Main Document Pg 5 of 8

Leonard W. Copeland, WA Bar No. 23706
Trial Attorney, Office of U. S. Trustee
300 Fannin Street, Suite 3196
Shreveport, LA 71101
leonard.w.copeland@usdoj.gov
Telephone No. (318) 676-3456
Direct Telephone No. (318) 676-3484
Facsimile No. (318) 676-3212

# CERTIFICATE

I hereby certify that a copy of the above and foregoing *UNITED STATES TRUSTEE'S OBJECTION TO MOTION TO REVIEW APPOINTMENT OF THE CREDITORS COMMITTEE FILED BY THOMA-SEA BOAT BUILDERS, L.L.C.* has been either mailed by first class mail, postage prepaid, or transmitted by CM/ECF to the following parties:

Ronald J. Savoie
Jackson & Jackson, P.L.L.C.
111 Founders Dr., Suite 400
Baton Rouge, LA 70810

Benjamin W. Kadden
601 Poydras Street
Suite 2775
New Orleans, LA 70130

Christopher T. Caplinger
601 Poydras St., Ste 2775
New Orleans, LA 70130

Stewart F. Peck
601 Poydras, #2775
New Orleans, LA 70130

Hudson Drydocks, Inc.
Wendle Huddleston
1809 West Garner Street
Morgan City, LA 70380

Cummins Mid-South, LLC
Mark Whitehead
3770 South Perkins Road
Memphis, TN 38118

NREC Power Systems
Bryan F. Chaisson
P.O. Box 3016
5222 Hwy 311
Houma, LA 70361-3010

Genesis Offshore, LLC
Eric P. Tanzberger
807 Lakespur Drive
Sugar Land, TX 77479

Doerle Food Services, LLC
Christie Boutte
113 Kol Drive
Broussard, LA 70518

Fleet Operators, Inc.
David E. Barousse, Jr.
P.O. Box 350
Morgan City, LA 70381

Rhett G. Campbell
Demetra L. Liggins
Thompson & Knight, LLP
333 Clay Street, Suite 3300r
Houston, TX 77002

R. Patrick Vance
Mark A. Mintz
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, LLC
201 St. Charles Ave., 49th Floor
New Orleans, LA 70170

Henry A. King
King, Krebs & Jurgens, PLLC
201 St. Charles Ave., 45th Floor
New Orleans, LA 70170

Timothy S. Madden
Madden, King, LeBlanc & Bland, PLLC
201 St. Charles Ave., 45th Floor
New Orleans, LA 70170

Robert J. Stefani
King, Krebs & Jurgens, PLLC
201 St. Charles Ave., 45th Floor
New Orleans, LA 70170

Joseph P. Hebert
Liskow & Lewis
P.O. Box 52008
Lafayette, LA 70503

Philip K. Jones, Esq.
Liskow & Lewis
One Shell Square
701 Poydras Street, Ste. 5000
New Orleans, LA 70139

Alan H. Katz
Entergy Services, Inc.
639 Loyola Ave., 26th Floor
New Orleans, LA 70113

Michael J. McGinnis
El Paso Corporation
1001 Louisiana, Ste. 1540B
Houston, TX 77002

H. Kent Aguillard
Attorney at Law
P. O. Box 391
Eunice, LA 70535

Steven J. Solomon, Esq.
Gray Robinson, P.A.
1221 Brickell Ave., Suite 1600
Miami, FL 33131

Thomas B. Thompson
Assistant United States Attorney
Western District of Louisiana
United States Courthouse
800 Lafayette Street, Suite 2200
Lafayette, LA 70501

DATE: June 11, 2010

/s/ G. Sue Newcomer
G. Sue Newcomer
Legal Clerk