UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-50713 |
| | § | |
| GULF FLEET HOLDINGS, INC., *et al.*, | § | CHAPTER 11 |
| | § | |
| DEBTORS. | § | (Jointly Administered With |
| | § | Case Nos. 10-50714, 10-50715, |
| | § | 10-50716, 10-50717, 10-50718, |
| | § | 10-50719, 10-50720, 10-50721, |
| | § | 10-50722, 10-50723) |

**COMMITTEE'S OBJECTION TO DEBTORS' THIRD MOTION
FOR INCREASE OF EXCLUSIVE PERIOD IN WHICH THE PLAN IS
TO BE ACCEPTED IN ORDER TO MAINTAIN THE EXCLUSIVE PERIOD**
(Refers to Docket No. 656)

The Official Committee of Unsecured Creditors (the "Committee") files this Objection (the "Objection") to Debtors' Third Motion for Increase of Exclusive Period in Which the Plan is to be Accepted in Order to Maintain the Exclusive Period (the "Motion"); and submits as follows.

**SUMMARY OF OBJECTION**

1. The Committee opposes the Debtors' request to extend the exclusivity period to April 11, 2011. In October, the Committee filed its objection to the Debtors' second motion to extend exclusivity. At that time the Committee argued that these cases had been on file for more than five months, and despite having retained both a financial advisor/investment banker, and at least one boat broker, the Debtors have not engaged in any meaningful efforts to exit Chapter 11. On December 13, 2010, the last day of their exclusive period to file a plan, the Debtors filed a Plan that doesn't have the support of any of their major constituents. The Debtors now ask this Court to give them four months to try and build such support. The Debtors have failed to

demonstrate that their previous delay warrants such extraordinary relief. The Committee respectfully requests that this Court deny the Motion.

## LEGAL AUTHORITIES

2. Section 1121(b) of the Bankruptcy Code grants the debtor exclusivity for the first 120 days of the case. Under 11 U.S.C. § 1121(c), if the debtor files a plan within that 120-day period, no other plan may be filed during the first 180 days of the case while the debtor tries to obtain creditor acceptance of its plan. Section 1121(d)[1] empowers the bankruptcy court to extend or reduce the 120-day and 180-day periods.

3. Under section 1121(d), a debtor must show cause for extending the exclusivity period.[2] A bankruptcy court has discretion whether to grant the extension.[3] In nearly all cases where an extension was granted, the debtor showed substantial progress had been made in negotiations toward reorganization.[4] When considering whether to extend exclusivity, courts account for the number of extensions requested and the amount of time added to the exclusivity period.[5] A court must balance the potential harm to creditors with the interests of the debtor.[6] A court must not allow continual extensions to hold creditors hostage to a debtor.[7]

---

[1] Section 1121(d) provides—

…on request of a party in interest…the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

[2] *In re Mirant Corp.*, 2004 WL 2250986, *2 (N.D. Tex.). *See also, In re Washington-St. Tammany Elec. Co-op., Inc.*, 97 B.R. 852, 854 (E.D. La. 1989), citing *In re Lake in the Woods*, 10 B.R. 338 (Bankr. E.D. Mich. 1981); *In re Ravenna Indus., Inc.*, 20 B.R. 886 (Bankr. N.D. Ohio 1982); *In re Am. Federation Television & Radio Artists*, 30 B.R. 772 (Bankr. S.D. N.Y. 1983).

[3] *Mirant*, 2004 WL 2250986 at *2, citing *Washington-St. Tammany Elec. Co-Op.*, 97 B.R. at 854.

[4] *Id.*

[5] *Mirant*, 2004 WL 2250986 at *2, citing *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997).

[6] *Mirant*, 2004 WL 2250986 at *2, citing *In re S.W. Oil Co. of Jourdanton, Inc.*, 84 B.R. 448, 453 (Bankr. W.D. Tex.1987).

[7] *Mirant*, 2004 WL 2250986 at *2, citing *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.)*, 808 F.2d 363, 372 (5th Cir. 1987) (en banc), aff'd, 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).

4. The legislative history of section 1121 provides, "cause might include an unusually large or unusually small case, **delay by the debtor** or recalcitrance among creditors."[8] It also provides, "since the debtor has an exclusive privilege for [120 days] during which others may not file a plan, the granted extension should be based on a showing of some promise of probable success."[9]

5. The likelihood of agreement on a consensual plan and the absence of alternative creditor plans, which cannot be filed because a debtor has the exclusive right to do so, must be considered. A debtor must show that it is not using its exclusive right to propose a plan to force creditors to accept terms of a plan that is unfavorable.[10]

6. Congress enacted section 1121 to limit a debtor's exclusive rights to file a plan to clearly defined periods.[11] A court must avoid reinstituting the imbalance between a debtor and its creditors that characterized proceedings under the old chapter XI.[12]

7. The Fifth Circuit has expressed the proper construction of 11 U.S.C. § 1121(d):

> In the case of most Chapter 11 debtors, however, a plan of reorganization can be effectuated, if at all, within a matter of months, not years…
>
> [W]e think that any bankruptcy court involved in an assessment of whether "cause" exists should be mindful of the legislative goal behind Sec. 1121. The bankruptcy court must avoid reinstituting the imbalance between the debtor and its creditors that characterized proceedings under the old Chapter XI. Section 1121 was designed, and should be faithfully

---

[8] *Id.* (emphasis added).

[9] *Id.*, citing H.R. REP. NO. 95-595, 95th Cong., 1st Sess. 406 (1977); S. REP. NO. 95-989, 95th Cong., 2d Sess. 118 (1978), U.S. Code Cong. & Admin. News 1978, pp. 5787, 5904.

[10] *Washington-St. Tammany Elec. Co-Op.*, 97 B.R. at 854-55, citing *In re Public Service Co. of N.H.*, 88 B.R. 521 (D.N.H. 1988).

[11] *Washington-St. Tammany Elec. Co-Op.*, 97 B.R. at 855, citing *In re Jasik*, 727 F.2d 1379, 1382 (5th Cir.), *reh'g denied*, 731 F.2d 888 (5th Cir. 1984) (Under the former Bankruptcy Act, Congress gave a debtor an unlimited exclusive right to file a plan of reorganization).

[12] *Washington-St. Tammany Elec. Co-Op.*, 97 B.R. at 855, citing *Timbers of Inwood Forest*, 808 F.2d at 372.

interpreted, to limit the delay that makes creditors the hostages of Chapter 11 debtors.[13]

8. Section 1121(d) does not define "cause," but various courts have used the following factors:

    a. the size and complexity of the case;

    b. the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

    c. the existence of good faith progress toward reorganization;

    d. the fact that the debtor is paying its bills as they become due;

    e. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    f. whether the debtor has made progress in negotiations with its creditors;

    g. the amount of time which has elapsed in the case;

    h. whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

    i. whether an unresolved contingency exists.[14]

## THE DEBTORS HAVE NOT SATISFIED THE TEST

9. <u>Size and Complexity</u>. There is only one operating company with approximately a dozen operating vessels. These cases are not so large or complex that the Debtors should be allowed additional time to confirm their Plan.

10. <u>Time</u>. The Motion does not provide any reason why the Debtors need four months to confirm a Plan that has been filed.

11. <u>Good Faith Progress</u>. Although the Debtors filed the Plan, they are not making good faith progress toward reorganization. Again, the Motion does not provide any reasons why the debtors need four months to confirm the Plan.

---

[13] *Timbers of Inwood Forest*, 808 F.2d at 372.

[14] *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996), citing *In re Grand Traverse Dev. Co., Ltd.,* 147 B.R. 418 (Bankr. W.D. Mich. 1992); *In re McLean Indus., Inc.*, 87 B.R. 830 (Bankr. S.D. N.Y. 1988); *In re Wis. Barge Line, Inc.*, 78 B.R. 946 (Bankr. E.D. Mo.1987). See also *In re Adelphia Communications Corp.*, 352 B.R. 578, 587 (Bankr. S.D. N.Y. 2006) (same factors).

Austin 64687v1    4

10-50713 - #683  File 12/27/10  Enter 12/27/10 16:38:44  Main Document  Pg 4 of 7

12. <u>Paying Bills</u>. The Debtors appear to have positive cash flow.

13. <u>Viable Plan</u>. The Plan is not confirmable and is not supported by any major constituency.

14. <u>Negotiations with Creditors</u>. The Debtors began discussions with the Committee immediately prior to filing their Plan. The Committee was informed that the Plan would, and does, provide for unsecured creditors to share *pro rata* in the proceeds from a $2 million note, payable by the Debtors over a seven year term. The Committee informed the Debtors that such a proposal would not be acceptable. Additionally, the Plan does not contain several provisions the Committee requested, including the formation of a post-confirmation trust to oversee the investigation and litigation of valuable claims of the Debtors against the parent and several affiliates of the Debtors.

15. <u>Amount of Time Lapsed in These Cases</u>. These cases have been pending for more than seven months with no progress towards the formulation of a confirmable plan. This is the Debtors' third request to extend exclusivity. Even though the Debtors filed a Plan on December 13, 2010, it is unlikely that the Plan will be confirmed. In addition, extending exclusivity until April 11, 2011, is unjustified under the circumstances.

16. <u>Whether the Debtor is Using Exclusivity to Pressure Creditors</u>. The Debtors are using exclusivity to force creditors to accept the Plan.

17. <u>Unresolved Contingency</u>. There are no unresolved contingencies that so significantly impact the Debtors as to cause the Debtors to need four months to confirm the Plan.

## CONCLUSION

18. The majority of the above factors weigh against significant extension of exclusivity. The Debtors have failed to demonstrate why they need four months to confirm the

Plan.  Therefore, termination of exclusivity will not jeopardize these cases.  In fact, termination of the exclusivity period on February 11, 2011, will enable other creditors to negotiate and propose a possible consensual plan.  The Committee respectfully requests this Court deny the Motion.

DATED:  December 27, 2010.

Respectfully submitted,

MCKOOL SMITH P.C.

By: _/s/ Ruth Van Meter_
    Hugh Ray
    Bar No. 6673
    Hugh M. Ray, III
    Texas Bar No. 24004246
    Christopher D. Johnson
    Texas Bar No. 24012913
    Ruth Van Meter
    Texas Bar No. 20661570
    600 Travis, Suite 7000
    Houston, Texas 77002
    Telephone: (713) 485-7300
    Facsimile: (713) 485-7344

COUNSEL FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Austin 64687v1    6

10-50713 - #683  File 12/27/10  Enter 12/27/10 16:38:44  Main Document  Pg 6 of 7

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the above and foregoing has been served via the ECF system to the parties on the ECF service list, including the Debtors' counsel and the United States Trustee, on this 27th day of December 2010.

                                        */s/ Ruth Van Meter*
                                        Ruth Van Meter