UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 10-50713[1] |
| GULF FLEET HOLDINGS, INC. | CHAPTER 11 |
| DEBTORS | JUDGE ROBERT SUMMERHAYS |

**OBJECTION TO COMMITTEE'S MOTION FOR RULE 2004
EXAMINATION AND PRODUCTION OF DOCUMENTS FROM BRIGHTPOINT
CAPITAL PARTNERS MASTER FUND L.P.**
[Relates to Docket Nos. 641 and 653]

Brightpoint Capital Partners Master Fund, L.P. in its capacity as administrative agent (in such capacity, "*Brightpoint*"), for itself and certain financial institutions, as lenders (collectively, the "*Subordinate Lenders*"), files this objection to the Committee's Motion for Rule 2004 Examination and Production of Documents from Brightpoint Capital Partners Master Fund L.P. (the "*Motion*") [D.E. No. 641].

**Factual Background**

1.   On May 14, 2010 (the "*Petition Date*"), the Debtors each filed a voluntary petition for relief under Chapter 11 of the United States Code (the "*Bankruptcy Code*"). Since the Petition Date, the Debtors have continued to operate and manage their business as debtors-in-possession pursuant to Sections 1107 and 1109 of the Bankruptcy Code.

2.   On May 24, 2010 the Office of the United States Trustee appointed an official committee of unsecured creditors (the "*Committee*"). To date, no request has been made for the appointment of a trustee or examiner.

---

[1]   Jointly administered with cases 10-50714, 10-50715, 10-50716, 10-50717, 10-50718, 10-50719, 10-50720, 10-50721, 10-50722, 10-50723.

3. As of the Petition Date, the Debtors were indebted and liable without recourse, counterclaims or offset of any kind to: (i) Brightpoint and the Subordinate Lenders pursuant to that certain Term Loan Agreement, dated May 1, 2007, as amended by that First Amendment to Revolving Credit and Term Loan Agreement, dated as of March 1, 2007 and that Amendment to Term Loan Agreement dated in January, 2010, (the "*Subordinate Credit Facility*"), among Gulf Fleet Holdings, Inc., Gulf Fleet Marine, Inc., Gulf Fleet Offshore, L.P.C., Gulf Ocean Marine Services, L.L.C., Gulf Fleet Management, L.L.C., Gulf Fleet L.L.C., Hercules Marine, L.L.C., Gulf Worker, L.L.C., Star Marine, L.L.C., Gulf Fleet Marine, Inc., Gulf Service, LLC and Gulf Wind, LLC and Brightpoint.

4. On December 3, 2010, the Committee filed the Motion.

5. On December 10, 2010, the Committee filed the Supplemental Certificate of Conference Regarding Committee's Motion for Rule 2004 Examination and Production of Documents from Brightpoint Capital Partners Master Fund, L.P. (the "*Supplement*") [D.E. No. 653].

## Objection

**A. The Timing is Unreasonable and the Locations Inconvenient**

6. Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2004-1, the Committee seeks authorization from this Court to examine a representative of Brightpoint on December 21, 2010 in Baton Rouge, Louisiana (11 days after the Supplement) and the production of an expansively defined universe of documents on December 17, 2010 in Houston, Texas (seven days after the Supplement). While Brightpoint

will address other inadequacies contained within the Motion, the timing and logistics alone required Brightpoint's objection.[2]

7. Brightpoint is a Delaware limited partnership which maintains its principal place of business in Miami, Florida. As confirmed by the Supplement, Brightpoint has neither consented to travel to Baton Rouge, Louisiana for a deposition nor the production of the requested documents in Houston, Texas. Nevertheless, even though Brightpoint previewed this objection with the Committee, no effort was made to address these concerns. Brightpoint requests that this Court exercise its discretion by ordering any examination or document production of Brightpoint to take place in the Southern District of Florida.

## B. The Motion Fails to Explain any Purpose for an Examination

8. The Committee correctly states that Brightpoint "has made substantial loans to the Debtors" which "were made to fund continuing operations". Motion at paragraph 3. The Committee then alleges that "in at least one case" the loans "appear to have been in an effort to remedy a breach of loan covenants [sic]". *Id*. Brightpoint does not understand this latter statement or how it supports the Committee's request to take a 2004 examination. Before the Motion can be considered, the Committee should be required to further explain this vague statement and how it applies to Brightpoint.

9. Thereafter, the Committee alleges that it is "concerned" that the Debtors "may" have claims against HIG Capital, L.L.C. ("***HIG***"). Because the Committee alleges that HIG and Brightpoint may share some commonalities, "the Committee is compelled to investigate the Debtors' connections with Brightpoint in connection with its investigation of the Debtor's connections with H.I.G. Capital, L.L.C." Motion at paragraph 4. This is a nonsequitur.

---

[2] Since the Court is not scheduled to consider the Motion until January 4, 2011, Brightpoint recognizes that the timing demanded by the Committee is somewhat moot.

Regardless of any relationship which may exist between Brightpoint and HIG, the Committee fails to shed any light on why it is "compelled" to examine Brightpoint or any objective it hopes to accomplish by such discovery.

10. Even if the Motion is granted, without a better understanding of the nature of the requested examination, Brightpoint is in no position to identify the appropriate representative who should appear on its behalf.

**C. The Document Requests are Overbroad**

11. Document Request numbers 2 and 4, collectively, as contained in the Motion, essentially seek every piece of paper from at least 2007 which evidences (a term which is not defined by the Motion) or relates to the Term B Loan Agreement (as defined by the Motion).[3] In the event the Motion is granted, the scope of the Documents Requests should be more narrowly defined in order to more appropriately and succinctly articulate what the Committee is seeking. As currently drafted, the Document Request places an obvious unnecessary burden on Brightpoint. By failing to provide any level of specificity, the Document Request is a further example of the Committee's failure to support the relief it is requesting by the Motion.

**WHEREFORE**, Brightpoint respectfully requests that this Court enter an order denying the Motion and granting such other and further relief as this Court deems just and proper.

        **GORDON, ARATA, MCCOLLAM,**
         **DUPLANTIS & EAGAN, LLC**

        By: **/s/ Ryan J. Richmond**
        Louis M. Phillips (La. Bar No. 10505)
        Peter A. Kopfinger (La. Bar No. 20904)
        Ryan J. Richmond (La. Bar No. 30688)
        One American Place

---

[3] The Committee's definition of "relates" is "referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, consisting of, comprising, showing, commenting on, evidencing, describing, or otherwise discussing the subject matter, directly or indirectly."

301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Facsimile: (225) 336-9763
Email: lphillips@gordonarata.com
Email: pkopfinger@gordonarata.com
Email: rrichmond@gordonarata.com

       AND

**GRAY ROBINSON, P.A.**
Steven J. Solomon, Esq. (Fla. Bar No. 931969)
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Telephone: (305) 416-6880
Facsimile: (305) 416-6887
Email: steven.solomon@gray-robinson.com

*Attorneys for Brightpoint Capital Partners Master Fund, L.P.*