UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 10-50713 |
| GULF FLEET HOLDINGS, INC., et al. | CHAPTER 11 |
| DEBTOR | (Jointly Administered w/ Case Nos. 10-50714, 10-50715, 10-50716, 10-50717, 10-50718, 10-50719, 10-50720, 10-50721, 10-50722, 10-50723) |

**H.I.G. CAPITAL L.L.C., GULF FLEET TIGER ACQUISITION, LLC AND GULF FLEET FINANCING, LLC'S <u>AMENDED</u> OPPOSITION TO COMMITTEE'S MOTION FOR RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS FROM H.I.G. CAPITAL, L.L.C. AND CERTAIN AFFILIATES**

H.I.G. Capital L.L.C., Gulf Fleet Tiger Acquisition, LLC, and Gulf Fleet Financing, LLC, through counsel, file this <u>Amended</u> Opposition to correct the original opposition's reference to document requests dating to 2004. The correct date is 2006 and this Amended Opposition has been changed to correct that date as well as two conforming references to the time period covered by the Committee's requests. With the exception of those three changes, the Amended Opposition is identical to the original.

**BACKGROUND**

On December 3, 2010, the Committee filed the Motion seeking the production of a representative of H.I.G. Capital, Gulf Fleet Tiger, and Gulf Fleet Financing to testify as to certain unspecified topics. The Motion further contains twenty-three separate document requests broadly worded to require the production of every document and communication that could possibly relate to almost a dozen actual and potential transactions dating back more than four years. The Motion contains no explanation as to why any of the listed transactions or requested

discovery has any relevance to the Debtors' current Chapter 11 case. In addition, the Motion demands the production of all documents in just two weeks and the production of a representative in Baton Rouge five days later on the eve of the Christmas holiday. Given the unreasonableness of the Motion's demands, the current Opposition is necessary.

## ARGUMENT

1.  The purpose of a Rule 2004 examination "is to show the condition of the estate and to enable the court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved." *In re Snyder*, No. 94-60572, 52 F. 3d 1067, 1995 WL 241797, *1 (5th Cir. Apr. 12, 1995). While Rule 2004 admittedly allows for broad examination, "its scope is not limitless." *Id.*; *In re Express One Int'l, Inc.*, 217 B.R. 215, 216 (E.D. Tex. 1998) (holding that "there are important limits to the scope of [a Rule 2004] examination"). Rule 2004 "cannot be used to harass or oppress [a] party." *In re Snyder*, 1995 WL 241797, at *1. "Furthermore, if the cost and disruption to the examinee attendant to a requested examination outweigh the benefits to the examiner, the request should be denied." *In re Express One*, 217 B.R. at 217.

2.  Because of Rule 2004's limitations, the party seeking discovery "has the burden of showing good cause for the examination which it seeks." *Id.* "Generally, good cause requires a showing that the examination sought is necessary to establish the claim of the party seeking the examination, or the denial of such request would cause the proposed examiner undue hardship or injustice." *Id.* Where a party seeking a Rule 2004 examination fails to satisfy this "good cause" threshold, the requested examination should be denied. *Snyder v. Society Bank*, 181 B.R. 40, 42 (S.D. Tex 1994) (affirming denial of Rule 2004 examination where party "offer[ed] no explanation of the need for the required documents in his cause of action"), *aff'd*, 1995 WL

241797 (5th Cir. 1995); *In re Express One*, 217 B.R. at 217 (imposing "stringent limitations" allowing examination only into matters for which good cause was shown).

3. The Committee argues that it has met its burden by alleging that the requests will assist the committee in evaluating "the potential recharacterization, subordination and/or avoidance of claims against the estates held by H.I.G." *See* Motion at 2. The Committee fails, however, to explain how the requested discovery will accomplish this objective.

4. The Document Requests contained in the Motion broadly seek all documents and communications between multiple persons and entities related to both actual and "potential" transactions dating as far back as 2006. The Committee seeks all documents and communications "related to" each of these transactions. The Committee's definition of "relates" is "referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, consisting of, comprising, showing, commenting on, evidencing, describing, or otherwise discussing the subject matter, directly or indirectly." *See* Motion at 6. The scope of these requests will create a substantial burden on HIG and its employees. The requests seek electronic documents, including emails dating back more than four years. Before putting HIG to the burden and expense of responding to such broad requests, the Committee should at least link each of the transactions about which it inquires to specific claims by HIG that the Committee is challenging, or specific estate assets which the Committee believes were transferred to HIG as a result of the transaction. To assist the Committee in that endeavor, HIG can produce the final transaction documents for each of the subject transactions, so that the Committee can understand the nature of the transaction. This is far less burdensome than forcing HIG to locate "all documents related to" these transactions.

5. With respect to the examination sought by the Committee, it seeks to depose a "representative" of H.I.G. Capital, Gulf Fleet Tiger, and Gulf Fleet Financing with respect to unspecified issues in Baton Rouge, Louisiana. This request is problematic for two reasons. First, to the extent the Committee seeks to depose a representative of H.I.G. Capital, Gulf Fleet Tiger, and Gulf Fleet Financing, it must enumerate with specificity the topics about which it wishes to inquire. This is the only way H.I.G. Capital, Gulf Fleet Tiger, and Gulf Fleet Financing can properly prepare a witness to serve as corporate representative. *See In re Analytical Syst., Inc.*, 71 B.R. 408, 412 (N.D. Ga. 1987) (holding that F.R.C.P. 30's requirement that a party designate with reasonable particularity the matters on which examination is requested assists in expeditious administration and allows the court to provide due process safeguards without impairing the scope and purpose of Rule 2004). Second, HIG should not be forced to produce its witness for examination in Baton Rouge; the witness should be deposed in the district where she or he resides. This will likely be the Southern District of Florida, as HIG is based in Miami. *See In re Livingston*, No. 90-60484, 1991 WL 11002457, *1 (S.D. Ga. Apr. 30, 1991) (holding that pursuant to F.R.C.P. 45, made applicable by Rules 2004(c) and 9016, a Rule 2004 examination of a non-debtor must proceed "within 100 miles from the place where that witness resides, is employed, or transacts business in person....").

6. In sum, it is clear that the Committee has not shown its requested Rule 2004 examination is "necessary to establish" the claims the Committee is allegedly considering. *See Snyder*, 181 B.R. at 42, *aff'd*, 1995 WL 241797 (5th Cir. 1995); *In re Express One*, 217 B.R. at 217. The Committee certainly has not made a showing sufficient to require HIG to produce anything more than the final transaction documents for the transactions listed in the Motion. Moreover, should the Committee's requested examination of a corporate representative proceed,

the Committee must first identify the topics upon which it will inquire and schedule such exam at a mutually agreeable time in the place where the representative resides or is employed.

## CONCLUSION

WHEREFORE, H.I.G. Capital L.L.C., Gulf Fleet Tiger Acquisition, LLC, and Gulf Fleet Financing, LLC respectfully request that the Court deny the Committee's "Motion for Rule 2004 Examination and Production of Documents from H.I.G. Capital, L.L.C. and Certain Affiliates."

Respectfully Submitted,

/s/ J. Eric Lockridge
J. Eric Lockridge
eric.lockridge@keanmiller.com
Kean Miller Hawthorne D'Armond
McCowan & Jarman, LLP
One American Place
301 Main Street, Suite 1800
P.O. Box 3513
Baton Rouge, Louisiana 70801
Tel: 225.389.3756
Fax: 225.388.9133

*Attorneys for H.I.G. Gulf Fleet Acquisition, LLC and Gulf Fleet Financing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of H.I.G. Capital L.L.C., Gulf Fleet Tiger Acquisition, LLC, and Gulf Fleet Financing, LLC's Opposition to Committee's Motion for Rule 2004 Examination and Production of Documents from H.I.G. Capital, L.L.C. and Certain Affiliates was served upon the Committee, the Debtor, and all other parties receiving electronic notification via the Court's CM/ECF System on this 28th day of December 2010. I also certify that I sent a copy by email directly to counsel for the Committee, Christopher D. Johnson, at cjohnson@mckoolsmith.com

/s/ J. Eric Lockridge