**UNITED STATES BANKRUPTCY COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

_____

| | |
|---|---|
| IN RE: | Chapter 11 |
| GULF FLEET HOLDINGS, INC., et al | No. 10-50713 |
| Debtors | (Jointly Administered w/Case Nos. 10-50714, 10-50715, 10-50716, 10-50717, 10-50718, 10-50719, 10-50720, 10-50721, 10-50722, 10-50723) |

_____

### HILLMANS' OBJECTION TO DEBTORS' THIRD MOTION FOR INCREASE OF PERIOD IN WHICH THE PLAN IS TO BE ACCEPTED IN ORDER TO MAINTAIN THE EXCLUSIVE PERIOD
[Relates to Docket No. 656]

**NOW INTO COURT**, through undersigned counsel, comes Michael A. Hillman and Darlene M. Hillman (hereinafter collectively, "Hillmans"), who submit the instant Objection (hereinafter "Objection") to the Debtors', Gulf Fleet Holdings, Inc., Gulf Ocean Marine Services, LLC, Gulf Fleet Offshore, LLC, Gulf Fleet Management, LLC, Gulf Fleet Marine, Inc., Gulf Fleet, LLC, Hercules Marine, LLC, Gulf Worker, LLC, Gulf Service, LLC, Gulf Wind, LLC and Star Marine, LLC (hereinafter collectively "Debtors"), Third Motion for Increase of Period in Which the

Plan is to be Accepted in Order to Maintain the Exclusive Period (hereinafter "Motion"). For the reasons set forth below, the Hillmans respectfully request that Debtors' Motion be denied.

## BACKGROUND

1. On May 14, 2010, the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (hereinafter "Banktupcy Code"). Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue in the management and possession of their business and property as debtors-in-possession.

2. On May 26, 2010, the Court ordered that the Debtors file a disclosure statement pursuant to 11 U.S.C. §1125 and a plan of reorganization purusant to 11 U.S.C. §§1121 and 1123 no later than one hundred twenty (120) days after the date of entry of the Order of Relief herein, which period was set to expire on September 13, 2010. [Docket No. 54].

3. On August 12, 2010, the Debtors filed their Motion for Increase of Exclusive Period in which the Debtors Have to File a Plan of Reorganization and to Increase the Exclusive Period in Which the Plan is to be Accepted in Order to Maintain the Exclusive Period [Docket No. 343], which this Court granted.

4. On October 15, 2010, the Debtors filed their Second Motion for Increase of Exclusive Period in which the Debtors Have to File a Plan of Reorganization and to Increase the Exclusive Period in which the Plan is to be Accepted in Order to Maintain the Exclusive Period [Docket No. 560]. The Court approved an additional increase of time, through December 13, 2010, for Debtors to file their plan of reorganization.

5. On or about December 13, 2010, the Debtors filed a certain plan of reorganization (hereinafter "Plan") that is not viable in that it does not satisfy the statutory requirements governing plans of reorganization including, but not limited to 11 U.S.C. §1123. Specifically, the Plan fails to

provide proper and adequate treatment of the Hillmans, as equity shareholders in certain of the Debtor entities, as well as Comerica Bank, as a secured creditor, a syndicate of certain secured lenders and the unsecured creditors in interest in this matter. Moreover, the Plan provides for bidding procedures which are designed to chill the bidding process for the equity interests in the Debtors by providing a breakup fee and excessive bidding increments and other rights to the H.I.G. Capital, L.L.C.-led investment group (hereinafter "HIG"). As such, the Plan does not and cannot garner the support of the creditors herein and is not capable of confirmation. Moreover, the Disclosure Statement filed by the Debtors on December 13, 2010 is not in a form that can be approved by the Court pursuant to 11 U.S.C. §1125 because it contains inadequate information. Specifically, the information concerning the prior history of the Debtors contains false and misleading information concerning the Hillmans' involvement with the management of certain of the companies at issue and further omits key information concerning HIG's management of said companies.

6. Notwithstanding the foregoing, the Debtors filed the instant Motion, requesting this Court *for the third time* for an increase in the exclusive period in which the Debtors' Plan must be approved and accepted for a period of sixty (60) days, or until April 11, 2011. The Hillmans object to Debtors' request as set forth in their Motion and ask that this Court deny Debtors' Motion in its entirety.

## LEGAL AUTHORITIES

7. 11 U.S.C. §1121 of the Bankruptcy Code permits a Chapter 11 debtor to file a plan of reorganization at any time. 11 U.S.C. §1121 (a). However, during the 120-day period after the date of the ORder for Relief under Chapter 11, only the debtor may file a plan of reorganization. 11 U.S.C. §1121 (b). Provided the Chapter 11 debtor files a plan of reorganization, the debtor also has

the exclusive right to solicit the acceptance of such plan from each class of claims or interests that are impaired under the plan within 180 days after the date of the Order for Relief under Chapter 11. 11 U.S.C. §1121. A bankruptcy court can extend or reduce the aforementioned 120-day and 180-day periods for "cause", depending upon the circumstances of the case. 11 U.S.C. §1121(d); see In re Timbers of Inwood Forest Assoc., Ltd., 808 F.2d 363, 372, n. 15 (5th Cir. 1987); see also In re McLean Industries, Inc. et al., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (stating that such extensions are not to be granted routinely or cavelierly).

8. Under Section 1121(d), a debtor has the burden of demonstrating sufficient "cause" for extending the exclusivity period. In the Matter of Mother Hubbard, Inc., 152 B.R. 189, 195 (Bankr. E.D.Mich. 1993); see also In re Mirant Corp., No. 4-04-CV-476-A, 4-04-CV-530-A, 2004 WL 2250986, at *2 (N.D.Tex. – Fort Worth 2004) (stating that the debtor's burden gets heavier with each extension it seeks as well as the longer the period of exclusivity).

9. In deciding whether a debtor has shown sufficient "cause" to warrant an extension of the exclusivity period, a court must balance the dual purposes of Section 1121 of affording the debtor a reasonable time to obtain confirmation of a plan without the threat of a competing plan and ensuring that the creditors will not endure unreasonable delay after a debtor files Chapter 11 bankruptcy. In the Matter of Mother Hubbard, Inc., 152 B.R. at 195. Indeed, "[s]ection 1121 was designed, and should be faithfully interpreted, to limit the delay that makes creditors the hostages of Chapter 11 debtors". See In re Timbers of Inwood Forest Assoc., Ltd., 808 F.2d at 372-73 (further recognizing that the reorganization provisions of the Bankruptcy Code are to benefit the creditors of a Chapter 11 debtor by preserving going-concern values and enhancing the amounts to be recovered by said creditors); see also In re Mirant Corp., 2004 WL 2250986, at *2 (finding that in virtually all cases where an extension has been granted, the debtor has demonstrated substantial progress in

negotiations with creditors toward reorganization). It is important to recognize that Section 1121 represents a congressional acknowledgment that creditors, whose money is invested in the debtor's enterprise, have a right to a say in the future of that enterprise. Id. at 372. Indeed, the creditors' ability to file competing plans encourages the Chapter 11 policy of "creditor democracy" and promotes the economic interests of the respective creditors. In the Matter of Mother Hubbard, Inc., 152 B.R. at 195-96.

10. Applicable statutory law does not define what constitutes "cause"; however, courts have considered the following list of non-exclusive factors:

   a. The size and complexity of the debtor's case;

   b. Whether the debtor has had sufficient time to negotiate a plan of reorganization and prepare adequate information;

   c. The existence of good faith progress toward reorganization;

   d. Whether the debtor has demonstrated reasonable prospects for filing a viable plan;

   e. Whether the debtor has made progress in negotiations with its creditors;

   f. The amount of time which has elapsed in the case;

   g. Whether the debtor is seeking to extend exclusivity to pressure creditors to consent to the debtor's reorganization demands;

   h. Whether an unresolved contingency exists;

   i. Whether the debtor is paying its bills as they become due.

In re R.G. Pharmacy, Inc., 374 B.R. 484 (Bankr. D. Conn. 2007); In re Adelphia Communications Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); In re McLean Industries, Inc., 87 B.R. at 834 (further recognizing that the length of previous extensions of exclusivity is a factor that militates against a finding of "cause").

## DEBTORS CANNOT DEMONSTRATE SUFFICIENT "CAUSE" UNDER THE LAW

11. <u>Size and Complexity</u>. Debtors locally operate one company with only a handful of active vessels. The Debtors' case is not so large or complex that Debtors' Motion should be granted.

12. <u>Time</u>. The Debtors have failed to sustain their burden of demonstrating to this Court why an additional four (4) months is necessary to confirm the Plan that has already been filed, which is not viable, which does not and cannot garner the support of the creditors or equity shareholders herein and which is not capable of confirmation.

13. <u>Good Faith Progress</u>. Debtors cannot show good faith progress toward reorganization. As previously set forth herein, the Plan is not viable in that it does not satisfy the statutory requirements governing plans of reorganization including, but not limited to 11 U.S.C. §1123. Specifically, the Plan fails to provide proper and adequate treatment of the Hillmans, as equity shareholders in certain of the Debtor entities, of Comerica Bank, as a secured creditor, as well as of a syndicate of certain secured lenders and the unsecured creditors in interest in this matter. The Plan is further objectionable in that provides for bidding procedures which are designed to chill the bidding process for the equity interests in the Debtors by providing a breakup fee and excessive bidding increments and other rights to the HIG-led investment group. Moreover, the Debtors have failed to keep the Hillmans informed of the Debtors' progress toward reorganization, despite the Hillman's repeated requests to the Debtors to do so, much to the Hillmans' severe detriment. And, the Debtors have failed to properly safeguard maintain the assets of the bankruptcy estate at the creditors', as well its current equity holders', expense, in accordance with the Debtors' duty to do so under the law. <u>See</u> <u>In re Falconer</u>, 79 B.R. 283 (W.D.Mich. 1987) (recognizing the debtor-in-possession's duty to conserve assets of the bankruptcy estate). Specifically, the Hillmans are aware that the Debtors have failed to properly maintain certain of the vessels at issue. Certain of the vessels are

hot-stacked, and Debtors have failed to provide for the ordinary maintenance of said vessels in order to preserve their respective values. Moreover, certain other of the Debtors' vessels are cold-stacked, and Debtors failed to provide any maintenance services at all with regard to said vessels, which failure has severely diminished the value of said vessels.

14. <u>Viable Plan</u>. For the reasons set forth in Paragraph 13 above, the Debtors' Plan is not viable, does not and cannot garner the support of the creditors or equity shareholders herein and is not capable of confirmation.

15. <u>Negotiations with Creditors</u>. The Debtors failed to make any progress in negotiating with the Hillmans with regard to the Debtors' Plan. In fact, the Debtors have failed to keep the Hillmans informed of the Debtors' progress toward reorganization, despite the Hillman's repeated requests to the Debtors to do so, much to the Hillmans' severe detriment.

16. <u>Amount of Time Lapsed in This Matter</u>. The instant matter has been pending since May 14, 2010, over eight (8) months ago, with no forward progress by the Debtors toward an acceptable and confirmable plan of reorganization. And, the instant Motion constitutes the Debtors' third request for an extension of exclusivity. As demonstrated herein, it is unlikely that the Debtors' Plan as filed will be confirmed. As such, any further extension of time is not warranted.

17. <u>Whether the Debtor is Using Exclusivity to Pressure Creditors</u>. As the Plan is not viable, does not and cannot garner the support of the creditors or equity shareholders herein and is not capable of confirmation, it is clear that the Debtors are using exclusivity to pressure the creditors to accept the Debtors' Plan.

18. <u>Unresolved Contingencies</u>. The Hillmans are unaware of any unresolved contingencies that would justify the relief requested in Debtors' Motion.

19. <u>Paying Bills As Become Due</u>. Upon information and belief, the Hillmans understand that the Debtors have failed to pay certain of their bills as they became due, despite the fact that the Debtors continue to operate their business and are generating revenue.

20. The Hillmans expressly reserve all rights to assert additional objections to Debtors' Motion either at or before the hearing on the Motion. Additionally, the Hillmans reserve all rights to seek to terminate exclusivity or to oppose future requests by the Debtors for further extensions of their exclusive periods to file a plan of reorganization or to solicit acceptances of same.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is clear that the Debtors cannot sufficiently demonstrate "cause" so as to warrant the relief requested in Debtors' Motion and, importantly, cannot show that any further extension of exclusivity will significantly improve the progress of the confirmation of the Debtors' Plan. As such, the Hillmans respectfully request that this Court deny the Debtors' Motion.

Respectfully submitted,

　　　/s/ Timothy S. Madden
HENRY A. KING (Bar #7393)
TIMOTHY S. MADDEN (Bar #21733)
ROBERT J. STEFANI (Bar #19248)
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233
Email: hking@kingkrebs.com
　　　　tmadden@kingkrebs.com
　　　　rstefani@kingkrebs.com

*Attorneys for Michael A. Hillman and Darlene Hillman*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served electronically upon Debtors, counsel for the Debtors, Stewart F. Peck, Christopher T. Caplinger and Benjamin W. Kadden, 601 Poydras Street, Suite 2775, New Orleans, Louisiana 70130 via the Court's electronic filing system, and to the Office of the United States Trustee, 300 Fanin Street, Suite 3196, Shreveport, Louisiana 71101 via the court's electronic noticing system, this 28th day of December, 2010.

                                                    */s/ Timothy S. Madden*
                                                    Timothy S. Madden