**SO ORDERED.**

**SIGNED April 29, 2011.**



_____
**ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 10-50713 |
| GULF FLEET HOLDINGS, INC., et al. | CHAPTER 11 |
| DEBTORS | (Jointly Administered w/ Case Nos. 10-50714, 10-50715, 10-50716, 10-50717, 10-50718, 10-50719, 10-50720, 10-50721, 10-50722, 10-50723) |

**ORDER PURSUANT TO 11 U.S.C. §§105 AND 363 AND
FED. R. BANKR. P. 2002 AND 6004 AUTHORIZING
THE SALE OF CERTAIN VESSELS TO ODYSSEA VESSELS, INC. FREE AND
CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS**

This matter came before the Court on Tuesday, April 26, 2011 (the "*Sale Hearing*") as a hearing on the Motion (the "*Motion*") (**Docket No. 776**) of certain of the Debtors[1] (collectively, the "*Debtors*") for an order pursuant to Sections 105 and 363 of Title 11 of the United States Code (the "*Bankruptcy Code*") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") authorizing the sale of certain vessels[2] (collectively, the

---

[1] For purposes of the Motion, the following Debtors were proponents of the requested relief: Gulf Fleet, LLC, Hercules Marine, LLC, Gulf Worker, LLC, Gulf Ocean Marine Services, LLC, and Gulf Wind, LLC.
[2] The Vessels include the following: *Master Everett, Gulf Quest, Gulf Storm, Gulf Fury, Miss Emma Jo, Miss Hayley, Gulf Breeze, Larry Moore, Gulf Pride*, and *Gulf Wind*.

"*Vessels*"), free and clear of all Liens[3], Claims[4] and Interests[5] to Odyssea Vessels, Inc. (the "***Buyer***") as well as the Supplemental Objection filed on behalf of the Official Committee of Unsecured Creditors (**Docket No. 885**).

Appearances:

Stewart F. Peck, Christopher T. Caplinger, and Benjamin W. Kadden
*Counsel for the Debtors*

Rhett G. Campbell and Demetra L. Liggins
*Counsel for Comerica Bank, Administrative and Collateral Agent for the Senior Lenders*

Hugh Ray, III and Christopher D. Johnson
*Counsel for the Official Committee of Unsecured Creditors*

Robert A. Greenfield and Alex Fisch
*Counsel for Odyssea Vessels, Inc.*

The Court, having heard the statements of counsel and it appearing that the Court has jurisdiction over this matter; and it further appearing that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and overruling any remaining objections to the Motion; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors, their estate, their creditors, and all other parties in interest in the Debtors' Chapter 11 cases;

THE COURT HEREBY FINDS AND DETERMINES THAT:

     A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014.

     B.    To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

     C.    The Court has jurisdiction over the Motion and the transactions contemplated by the Vessel Purchase Agreement[6] pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §§105 and 363, and this matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A),(M),(N) and (O). Venue of this case and the Motion in this district is proper under 28 U.S.C. §§1408 and 1409.

---

[3] "Lien" is used herein as it is defined in 11 U.S.C. § 101(37).
[4] "Claim" is used herein as it is defined in 11 U.S.C. §101(5).
[5] "Interests" is used herein as it appears in 11 U.S.C. §363(f).
[6] A copy of the Vessel Purchase Agreement executed by and between the Debtors and the Buyer on April 20, 2011 is attached hereto as Exhibit "A."

2

947705-1

D. The statutory predicates for the relief sought in the Motion are Sections 105(a) and 363 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002 and 6004.

E. As evidenced by the certificate of service previously filed with the Court (**Docket No. 776**), the Affidavit of Christopher T. Caplinger Regarding Service of the Bid Procedures Order and Notice of Auction and Sale of Hearing to Sell Certain of the Debtors' Assets (**Docket No. 816**), the Affidavits of Publication by the Houston Chronicle (**Docket No. 895**) and the Advertiser (**Docket No. 896**) evidencing that the auction of the Vessels was advertised in regional newspapers, the Affidavit of Publication by Kishan P. Shah (**Docket No. 898**) evidencing that the auction of the Vessels was advertised in industry publications, and based on the representations of counsel at the Sale Hearing, (i) proper, timely, adequate, and sufficient notice of the Motion, the Sale Hearing and the Sale (as hereinafter defined) has been provided in accordance with Bankruptcy Rules 2002(a) and 6004(a), (ii) such notice was good and sufficient, appropriate under the particular circumstances, and reasonably calculated to reach and apprise all holders of Liens, Claims, and Interests about the Sale of the Vessels, and (iii) no other or further notice of the Motion, the Sale Hearing, or the Sale shall be required.

F. Approval of the Vessel Purchase Agreement[7] and consummation of the transaction contemplated thereby (the "***Sale***") at this time is in the best interests of the Debtors, their creditors, their estates, and other parties in interest.

G. The consideration provided by the Buyer pursuant to the Vessel Purchase Agreement of Twenty-Six Million Seven Hundred Fifty and NO/100 Dollars ($26,750,000.00) (the "***Purchase Price***") (i) is fair and reasonable, and (ii) constitutes reasonably equivalent value and fair consideration.

H. The Sale must be approved and consummated promptly in order to ensure that the Debtors obtain the Purchase Price for the Vessels.

I. The transfer of the Vessels to the Buyer will be a legal, valid, and effective transfer of the Vessels and will vest the Buyer with all right, title, and interest to the Vessels free and clear of all Liens, Claims, and Interests in such Vessels arising from circumstances and conditions first existing on or prior to the simultaneous closing of the transaction contemplated by the Vessel Purchase Agreement (the "***Closing***"), except as expressly provided in the Vessel Purchase Agreement, whether such Liens, Claims, and Interests are known or unknown, contingent or otherwise, whether arising prior to or subsequent to the Closing, and whether imposed by agreement, understanding, law, equity or otherwise, including, but not limited to, Claims otherwise arising under doctrines of successor liability. The National Vessel Documentation Center is hereby ordered to erase, discharge, and deem satisfied any existing liens, mortgages, and encumbrances recorded or bearing against the Vessels.

J. Pursuant to Section 363(f) of the Bankruptcy Code, the transfer of the Vessels to the Buyer will be free and clear of all Liens, Claims, and Interests in the Vessels. All Liens, Claims, and Interests attach to the cash proceeds of the Sale (the "***Sale Proceeds***") attributable to the property against or in which they claim an Interest.

---

[7] Unless otherwise indicated, capitalized terms used herein but not defined herein shall have the meanings ascribed to them in the Motion.

K.     The Debtors may sell the Vessels free and clear of Liens, Claims, and Interests in accordance with Section 363(f) of the Bankruptcy Code because, in each case, one or more of the standards set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those (i) holders of Liens, Claims, and Interests and (ii) non-Debtor parties who did not object, or who withdrew their objections, to the Sale or the Motion are deemed to have consented pursuant to Section 363(f)(2) of the Bankruptcy Code. Those (i) holders of Liens, Claims, and Interests and (ii) non-Debtor parties who did object fall within one or more of the other subsections of Section 363(f) of the Bankruptcy Code and are adequately protected by having their Liens, Claims, and Interests, if any, attach to the Sale Proceeds.

L.     The Vessel Purchase Agreement was negotiated by the Debtors and the Buyer, and is being entered into by the Debtor and the Buyer, in good faith and from arm's-length bargaining positions. The Buyer is a good faith purchaser under Section 363(m) of the Bankruptcy Code and is entitled to all of the protections afforded thereby. Neither the Debtor nor the Buyer, engaged in any conduct that would cause or permit the Vessel Purchase Agreement or the sale of the Vessels to be avoided under Section 363(n) of the Bankruptcy Code.

M.     The Debtors have demonstrated that it is an exercise of its sound business judgment to sell the Vessels to the Buyer, and the Sale of the Vessels is reasonable and in the best interests of the Debtors, their estates, their creditors, and other parties in interest. The Purchase Price is the highest and best offer received for the Vessels, including when compared to combinations of multiple offers for certain of the Vessels, and will provide a greater recovery for the Debtors' creditors and other interested parties than would be provided by any other practically available alternative.

N.     The Vessel Purchase Agreement is not a *sub rosa* Chapter 11 plan for which approval has been sought without the protections that a disclosure statement would afford, and is not in violation of creditors' voting rights.

NOW THEREFORE, THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:

1.     The Motion is GRANTED, as further described herein.

**Approval of the Vessel Purchase Agreement**

2.     The Vessel Purchase Agreement, and all of the terms and conditions thereof, are hereby approved as if fully set forth and incorporated herein; <u>provided</u>, <u>however</u>, that the terms and conditions of this Order shall control in the event of any conflict with or ambiguity regarding the terms and conditions of the Vessel Purchase Agreement.

3.     Pursuant to 11 U.S.C. §363(b), the Debtors are authorized and directed to perform its obligations under, and to comply with the terms of, the Vessel Purchase Agreement, and consummate the Sale, pursuant to and in accordance with the terms and conditions of the Vessel Purchase Agreement.

4.     The Debtors, by and through its Chief Financial Officer, Michael E. Prejean, are authorized and directed to execute and deliver, and is empowered to perform under, consummate and implement, the Vessel Purchase Agreement, together with all additional instruments and documents that the Debtors or the Buyer deem necessary or appropriate to implement the Vessel Purchase Agreement and effectuate the Sale, and to take all further actions as may be reasonably requested by the Buyer for the purpose of transferring, granting, conveying and conferring to the Buyer, or reducing to possession, the Vessels, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Vessel Purchase Agreement.

5.     This Order and the Vessel Purchase Agreement shall be binding in all respects upon all creditors, and claimants of, and holders of equity interests in the Debtors and their successors and assigns (whether known or unknown), any holders of Liens, Claims, and Interests in the Vessels, all successors and assigns of the Buyer, the Debtors and their affiliates and subsidiaries, the Vessels, and any trustees appointed in the Debtors' Chapter 11 cases and upon a conversion to Chapter 7 under the Bankruptcy Code and shall not be subject to rejection. Nothing contained in any Chapter 11 plan confirmed in the Debtors' Chapter 11 cases or the confirmation order confirming any such Chapter 11 plan(s) shall conflict with or derogate from the provisions of the Vessel Purchase Agreement and this Order.

## **Transfer of Vessels**

6.     Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, the Vessels shall be transferred to the Buyer, or their assigns, and upon the Closing shall be free and clear of all Liens, Claims, and Interests of any kind or nature whatsoever and all such Liens, Claims, and Interests of any kind or nature whatsoever shall attach to the net Sale Proceeds in the order of their priority, with the same validity, force, and effect which they have as against or in the Vessels, subject to any Claims and defenses the Debtors and/or their estates may possess with respect thereto.

7.     Except as expressly permitted or otherwise specifically provided by the Vessel Purchase Agreement or this Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, tort claimants, litigants, trade and other creditors and past and present employees of the Debtors, holding Liens, Claims, and Interests of any kind or nature whatsoever against or in the Debtors or the Vessels (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Debtors, the Vessels, the ownership, control or operation of the Vessels prior to the Closing are forever barred, estopped, and permanently enjoined from asserting against the Buyer, its successors or assigns, their property, or the Vessels, such persons' or entities' Liens, Claims, and Interests.

8.     The transfer of the Vessels to the Buyer pursuant to the Vessels Purchase Agreement constitutes a legal, valid, and effective transfer of the Vessels, and shall vest the Buyer with all right, title, and interest of the Debtors in and to the Vessels free and clear of all Liens, Claims, and Interests of any kind or nature whatsoever.

5

947705-1

9. If any person or entity that has filed financing statements, ship mortgages, maritime liens, lis pendens, or other documents or agreements evidencing Liens, Claims, and Interests in the Vessels has not delivered to the Debtors prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens, Claims, and Interests which the person or entity has with respect to the Vessel, then (a) the Debtors are hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Vessels and (b) the Buyer is hereby authorized to file, register, or otherwise record a certified copy of this Order, which shall constitute conclusive evidence of the release of all Liens, Claims, and Interests in the Vessels of any kind or nature whatsoever. The Court specifically directs the National Vessel Documentation Center to erase, discharge and deem satisfied any maritime lien, encumbrance, or ship mortgage against the Vessels.

10. At the Closing of the Sale, each of the Debtors' creditors and any other holder of an Interest is authorized and directed to execute such documents and take all other actions as may be necessary to release its Liens, Claims, and Interests in the Vessels, if any, as such Liens, Claims, and Interests may have been recorded or may otherwise exist. For the avoidance of doubt, at the Closing of the Sale, Comerica Bank, in its capacity as Administrative and Collateral Agent (in such capacity, "***Comerica***") shall provide documentation satisfying its mortgage for recordation with the National Vessel Documentation Center. Comerica shall provide such documentation contemporaneously with its receipt of the Sale Proceeds.

11. On the Closing of the Sale and subject to the terms of the Vessel Purchase Agreement and the other provisions of this Order, the Sale Proceeds shall be held in escrow by the Debtors' counsel pending the confirmation of its proposed Debtors' Consolidated Plan of Reorganization (the "***Plan***") (**Docket No. 783**) and distribution in accordance therewith, except that the Debtors shall be authorized and are directed to pay from the Sale Proceeds of all reasonable costs and out-of-pocket expenses, including the brokerage commission owing to William Blair & Company, L.L.C.

## Additional Provisions

12. This Order (a) shall be effective as a determination that, at Closing, all Liens, Claims, and Interests of any kind or nature whatsoever existing as to the Vessels prior to the Closing have been unconditionally released, discharged, and terminated (and all such Liens, Claims, and Interests shall attach to the proceeds of the Sale as set forth in Paragraph 6 of this Order), and that the transfer of the Vessels has been effected, and (b) shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities that may be required by operation of law, the duties of its office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Vessels.

13. The transactions contemplated by the Vessel Purchase Agreement are undertaken by the Buyer in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and

accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to the Buyer, unless such authorization is duly stayed pending such appeal before the closing of the sale with respect to the Vessels. The Buyer is a purchaser in good faith of the Vessels, which the Buyer is purchasing under the terms of the Vessel Purchase Agreement, and the Buyer is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code. The consideration paid by the Buyer for the Vessels is deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, and of any state, territory or possession or the District of Columbia and may not be avoided under Section 363(n) of the Bankruptcy Code.

14. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order, the Vessel Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Vessels to the Buyer, (b) compel delivery of any purchase price or performance of other obligations owed by or to the Debtors, (c) resolve any disputes arising under or related to the Vessel Purchase Agreement and any and all ancillary agreements related to such Vessel Purchase Agreement, (d) interpret, implement, and enforce the provisions of this Order, and (e) protect the Buyer against the assertion of any Liens, Claims, and Interests against the Vessels, of any kind or nature whatsoever.

15. The terms and provisions of the Vessel Purchase Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates and their creditors, the Buyer, and their respective affiliates, successors, and assigns, and any affected third parties including, but not limited to, all persons asserting an Interest in the Vessels, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding.

16. Consummation of the Vessel Purchase Agreement and the transactions contemplated therein and thereby do not effect a *de facto* merger or consolidation of the Debtors and the Buyer or result in the continuation of the Debtors' business under the Buyer's control. The Buyer is not the *alter ego* of, a successor in interest to, or a continuation of the Debtors nor is the Buyer otherwise liable for the Debtors' debts and obligations.

17. The provisions of this Order are non-severable and mutually dependent, and, pursuant to Bankruptcy Rule 6004(h), this Order shall not be stayed and shall be effective immediately upon entry.

###

This Order was prepared and is being submitted by:

Stewart F. Peck (#10403)
Christopher T. Caplinger (#25357)
Benjamin W. Kadden (#29927)
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
*Attorneys for the Debtors*

# VESSEL PURCHASE AGREEMENT

**THIS VESSEL PURCHASE AGREEMENT** ("Agreement") is made and entered into to be effective as of the 20th day of April 2011, between Gulf Fleet, LLC, Hercules Marine, LLC, Gulf Worker, LLC, Gulf Ocean Marine Services, LLC, each a Louisiana limited liability company, and Gulf Wind, LLC, a Delaware limited liability company, whose mailing address is 167 Industrial Parkway, Lafayette, LA 70508 (hereinafter, "Seller') and Odyssea Vessels, Inc., a Delaware corporation, whose mailing address is P.O. Box 1471, Larose, LA 70373 (hereinafter, "Buyer").

## RECITALS:

WHEREAS, Seller is the sole owner of the following vessels (collectively, the "Vessels"):

| Vessel Name | Owner | Official Number |
|---|---|---|
| Master Everett | Gulf Fleet, LLC | 1193860 |
| Gulf Quest | Hercules Marine, LLC | 1215305 |
| Gulf Storm | Hercules Marine, LLC | 1216981 |
| Gulf Fury | Hercules Marine, LLC | 1216982 |
| Miss Emma Jo | Gulf Worker, LLC | 1189431 |
| Miss Hayley | Gulf Worker, LLC | 1182041 |
| Gulf Breeze | Gulf Ocean Marine Services, LLC | 693018 |
| Larry Moore | Gulf Ocean Marine Services, LLC | 1025598 |
| Gulf Pride | Gulf Ocean Marine Services, LLC | 1077092 |
| Gulf Wind | Gulf Wind, LLC | 672038 |

WHEREAS, the Seller is a debtor in Chapter 11 bankruptcy case pending in the United States Bankruptcy Court for the Western District of Louisiana (the "Bankruptcy Court"), which is being jointly administered with the bankruptcy cases of certain of Sellers' affiliates as Case No. 10-50713 (the "Chapter 11 Case"); and

WHEREAS, in connection with the Chapter 11 Case, and subject to the Bankruptcy Court's Order (A) Approving Bid Procedures for Submission and Acceptance of Competing Bids in Conjunction with the Sale of Certain Assets of the Debtor; (B) Scheduling Bid Deadline, Auction Date, and Sale Hearing Date; (C) Establishing Procedures for Determining Cure Amounts; and (D) Fixing Notice Procedures and Approving Form of Notice (the "Bid Procedures Order"), the Seller wishes to sell and transfer to the Buyer, and the Buyer wishes to purchase and acquire from the Seller, Vessels upon the terms and subject to the conditions set forth herein.

NOW, THEREFORE, in consideration of the premises, and the agreements, covenants,

549777v2

**EXHIBIT "A"**

representations and warranties hereinafter set forth, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

## ARTICLE I

## CERTAIN DEFINED TERMS

**1.1 Defined Terms.** As used in this Agreement, the following terms shall have the meanings set forth below:

"Agreement" means this "Vessel Purchase Agreement," as amended from time to time, together with all schedules and exhibits hereto.

"Bankruptcy Court" means the United States Bankruptcy Court for the Western District of Louisiana.

"Closing" shall mean the execution and full performance of the acts set forth in Sections 3.1, 3.2, and 3.3.

"Closing Date" has the meaning assigned in Section 3.1.

"Dollars" and the symbol "$" mean lawful money of the United States of America.

"Effective Date" means the date set forth in the preamble above.

"Lien" means any lien, privilege, mortgage, security interest, attachment, levy, charge, claim, charter, contract or other encumbrance of any nature whatsoever.

"Person" means any individual, firm, company, partnership, limited partnership, limited liability company, corporation, association, foundation, trust, governmental agency, board, commission, court, tribunal or authority (whether federal, state or local) or any other juridical entity whatsoever.

"Purchase Price" means the amounts stipulated in Section 2.1 of this Agreement payable by Buyer at Closing as consideration for the purchase of the Vessels.

"Vessels" has the meaning assigned in the recital above, and includes all engines, machinery, anchors, winches, capstans, cables, chains, rigging, tackle, outfit, pumps and other appurtenances of the Vessels.

Additional capitalized terms are defined below. Unless the context otherwise requires, all defined terms shall have the assigned meanings whenever used in this Agreement.

## ARTICLE II

549777v2                               2

10-50713 - #912 File 04/29/11 Enter 04/29/11 12:51:58 Main Document Pg 10 of 19

## PURCHASE PRICE; PAYMENT; DEPOSIT

**2.1  Sale and Purchase of Vessels.** Subject to the terms and conditions hereinafter set forth, on the Closing Date, Seller agrees to sell, transfer, convey, and deliver to Buyer, and Buyer agrees to purchase, the Vessels for the sum of Twenty-Six Million Seven Hundred Fifty Thousand and 00/100 Dollars ($26,750,000.00), net of any sales, use or comparable taxes, if any (the payment, if applicable, of which is assumed by Buyer) and excluding the fuel on board. Buyer shall pay the Purchase Price on the Closing Date as provided in Section 2.2.

**2.2  Payment of the Purchase Price.** The Purchase Price shall be payable by Buyer on the Closing Date.

**2.3  Deposit.** In connection with the submission of a Bid (as defined in the Bid Procedures Order), the Buyer shall be required to submit a deposit (the "Deposit") with Seller's counsel, Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, in its trust account, in a cumulative amount sufficient to satisfy the deposit requirement for each respective Vessel as set forth in Paragraph 5(j) of the Bid Procedures for Auction of Certain Assets of the Debtor (the "Bid Procedures"), which was attached to the Bid Procedures Order as Exhibit "A." Such Deposit shall be held pending the closing of the transaction and approval of the transaction by the Bankruptcy Court. In the event the transaction closes, the Deposit shall be transmitted to the Seller to reduce the Purchase Price. In the event Buyer is determined to be in default under this Agreement by the Bankruptcy Court, the Deposit shall be forfeited to Seller as liquidated damages. In the event the transaction does not close by the Closing Date through no fault of Buyer, the Deposit shall be returned to Buyer.

## ARTICLE III

## CLOSING

**3.1  Closing.** Subject to the satisfaction or waiver by the appropriate party of all the conditions precedent to Closing specified in Articles 6 and 7 hereof, the Closing of the sale of the Vessels shall occur on a date within fourteen (14) days after entry of the order of the Bankruptcy Court approving the sale of the Vessels from Seller to Buyer (the "Closing Date") unless extended by mutual written agreement of the Seller and Buyer. The Closing Date may be extended by an amendment to this Agreement that satisfies the requirements of Section 9.13.

**3.2  Action of Seller at Closing.** At Closing, unless otherwise waived in writing by Buyer, Seller shall deliver to Buyer the following:

(a)  A valid and sufficient Bill of Sale for the Vessels, and recordable with the United States Coast Guard, National Vessel Documentation Center (hereinafter, "NVDC") warranting that the subject Vessel is free and clear of all Liens;

(b)  An order of the Bankruptcy Court ordering the Vessels sold free and clear of all

Liens;

(c) A certified Resolution of the Board of Directors of Seller authorizing the execution and delivery of this Agreement and the Bill of Sale to transfer title to the Vessels to Buyer;

(d) A current Certificate of Ownership or extract from the United States Coast Guard dated no more than three days prior to closing evidencing the Vessels to be free and clear of all Liens;

(e) Confirmation of Class dated no more than three days prior to closing; and

(f) Such other documents as may be reasonably required by Buyer or its lenders in connection with the sale of the Vessels.

3.3 **Action of Buyer at Closing.** At Closing, and unless otherwise waived in writing by Seller, Buyer shall deliver to Seller the following:

(a) Evidence of the transfer of the Purchase Price to Seller's designated account, in immediately available funds; and

(b) Such other documents as may reasonably be required by Seller in connection with the sale of the Vessels.

3.4 **Additional Acts.** From time to time after the Closing, Seller shall execute and deliver such other instruments of conveyance and transfer, and take such other actions as Buyer may reasonably request, to more effectively convey and transfer full right, title and interest to, vest in, and place Buyer in legal and actual possession of, the Vessels.

## ARTICLE IV

## REPRESENTATIONS AND WARRANTIES OF SELLER TO BUYER

Subject to the requirements of Section 6.3, Seller represents and warrants to Buyer that, as of the date hereof, and as of the Closing Date:

4.1 **Existence, Power and Authorization of Seller.** Seller is a limited liability company duly organized and validly existing and in good standing under the laws of the States of Louisiana and Delawre. Seller has the requisite power to enter into this Agreement, and to perform its obligations hereunder. The execution, delivery and performance of this Agreement, and such other agreements as are executed by Seller in connection with the sale of the Vessels, have been duly and validly authorized by all necessary action on the part of Seller, and such agreements represent the valid and binding obligations of Seller enforceable by Buyer in accordance with their respective terms.

4.2    **Citizenship of Seller; Documentation of the Vessels.**  Seller is a citizen of the United States within the meaning of 46 U.S.C. § 50501. The Vessels are each documented under the flag of the United States and are eligible to engage in the coastwise trade.

4.3    **Title.**  Seller has good and lawful title to the whole of the Vessels, and the Vessels will be sold pursuant to this Agreement free and clear of any Liens.

4.4    **Condition of the Vessels.**  The sale of the Vessels to Buyer shall be on an "**AS IS; WHERE IS**" basis, with no warranty whatsoever, either express or implied, as to the condition, fitness, quality, suitability, or seaworthiness of the Vessels, including, without limitation, any warranty of merchantability or fitness for any particular purpose.

## ARTICLE V

## REPRESENTATIONS AND WARRANTIES OF BUYER TO SELLER

Buyer represents and warrants to Seller that, as of the date hereof and as of the Closing Date:

5.1    **Existence, Power and Authorization of Buyer.**  Buyer is a corporation duly organized and validly existing and in good standing under the laws of the State of Delaware. Buyer has the requisite power to enter into this Agreement, and to perform its obligations hereunder.  The execution, delivery and performance of this Agreement, and such other agreements as are executed by Buyer in connection with this Agreement, have been duly and validly authorized by all necessary action on the part of Buyer, and such agreements represent the valid and binding obligations of Buyer enforceable by Seller in accordance with their respective terms.

5.2    **Condition of the Vessels.**  Buyer has been given an opportunity to conduct, and has completed, an inspection of the Vessels, and such inspection was, in all respects, satisfactory to Buyer.  Buyer is, therefore, thoroughly familiar with the condition and operation of the Vessels.  Buyer agrees to accept the Vessels on the Closing Date, "**AS IS; WHERE IS**", in the same condition as at the time of inspection. Buyer has agreed to purchase the Vessels based on Buyer's inspection and knowledge of the Vessels, and not on any representation or warranty as to the condition or operation of the Vessels made by Seller or any other Person.

## ARTICLE VI

## CONDITIONS PRECEDENT TO OBLIGATIONS OF SELLER

The obligations of Seller hereunder are, at the option of Seller, subject to the satisfaction, on or before the Closing Date, of the following conditions unless waived in writing by Seller:

6.1    **Representations/Warranties; Compliance by Buyer.**  The representations and warranties of Buyer contained in this Agreement shall be true in all material respects when made,

and on and as of the Closing Date as though such representations and warranties had been made on and as of such date; and each and all of the conditions of this Agreement to be complied with or performed by Buyer on or before the Closing Date pursuant to the terms hereof shall have been duly complied with and performed in all material respects.

6.2 **Purchase Price.** Buyer shall have tendered the Purchase Price for the Vessels to Seller as provided in Section 2.2.

6.3 **Bankruptcy Court Approval.** The Bankruptcy Court shall have entered an order approving the sale of the Vessels from Seller to Buyer free and clear of all Liens and directing the National Vessel Documentation Center to cancel, erase and deem satisfied all Liens bearing against the Vessels.

6.4 **Closing Documents.** Buyer shall have executed and delivered to Seller all of the documents, agreements and certificates required to be executed or delivered by Buyer pursuant to any term or provision of this Agreement.

# ARTICLE VII

## CONDITIONS PRECEDENT TO OBLIGATIONS OF BUYER

The obligations of Buyer hereunder are, at the option of Buyer, subject to the satisfaction, on or before the Closing Date, of the following conditions unless waived in writing by Buyer:

7.1 **Representations/Warranties; Compliance by Seller.** The representations and warranties of Seller contained in this Agreement shall be true in all material respects when made, and on and as of the Closing Date as though such representations and warranties had been made on and as of such date; and each and all of the conditions of this Agreement to be complied with or performed by Seller on or before the Closing Date pursuant to the terms hereof shall have been duly complied with and performed in all material respects.

7.2 **Closing Documents.** Seller shall have executed and delivered to Buyer all of the documents, agreements and certificates required to be executed or delivered by Seller pursuant to any term or provision of this Agreement.

7.3 **Bankruptcy Court Approval.** The Bankruptcy Court shall have entered an order approving the sale of the Vessels from Seller to Buyer free and clear of all Liens and directing the National Vessel Documentation Center to cancel, erase and deem satisfied all Liens bearing against the Vessels.

## ARTICLE VIII

## INDEMNITIES

**8.1** **Sales Tax Indemnity.** Sales or use taxes, if any, arising out of the sale of the Vessels by Seller to Buyer shall be for the sole account of Buyer. Buyer agrees to defend, indemnify and hold Seller harmless against any liabilities of Seller to any taxing authority or other Person (including liabilities for interest, penalties and attorneys' fees) arising out of any failure of Seller to collect sales, use or comparable taxes arising out of the sale of the Vessels that are claimed by any taxing authority to have been applicable and properly assessed on account of the sale.

**8.2** **Indemnity by Buyer.** Buyer agrees to hold harmless, defend and indemnify Seller, and its officers, directors, and shareholders, from and against any and all claims, actions, demands, losses, liabilities, penalties and damages (including all costs, expenses, and reasonable attorneys' fees) arising from or relating to: (a) any breach by Buyer of its obligations under this Agreement; or (b) any personal injury, death or property damage (including pollution) arising out of the use, management, maintenance or operation of the Vessels by Buyer following the Closing Date (except as otherwise provided in a written agreement between Buyer and Seller).

**8.3** **Indemnity by Seller.** Seller agrees to hold harmless, defend and indemnify Buyer, and its officers, directors, and shareholders, from and against any and all claims, actions, demands, losses, liabilities, penalties and damages (including all costs, expenses, and reasonable attorneys' fees) arising from or relating to: (a) any breach by Seller of its obligations under this Agreement; or (b) any Liens bearing against the Vessels that arise out of acts or omissions of any Person occurring prior to the Closing.

## ARTICLE IX

## MISCELLANEOUS PROVISIONS

**9.1** **Risk of Loss.** All risk of loss or damage to the Vessels prior to Closing shall be borne by Seller. All risk of loss or damage to the Vessels after Closing shall be borne by Buyer. Should the Vessels become a total or constructive total loss before Closing, this Agreement shall automatically terminate. Should the Vessels be materially damaged (*i.e.*, damage beyond ordinary wear and tear as determined by an independent marine surveyor acceptable to Seller and Buyer) before the Closing, but not deemed a constructive total loss, Buyer may, at its sole option, (i) cause Seller to convey the Vessels to Buyer in their damaged condition with no reduction of the Purchase Price but with a full and valid assignment to Buyer of any and all insurance proceeds payable as the result of such damage under Seller's existing insurance policies; (ii) cause Seller to convey the Vessels to Buyer in their damaged condition with a reduction of the Purchase Price mutually agreed upon between the parties (based upon the reasonable costs of repair of the Vessels and expenses incidental thereto) with Seller to retain any insurance proceeds payable as the result of such damage; or (iii) terminate this Agreement, in which event no party shall have any remaining liability to the other under this Agreement, other than the

return of the Deposit and any accrued interest to Buyer in accordance with Section 2.3.

**9.3    Consents, Approvals and Discretion.** Except as herein expressly provided to the contrary, whenever this Agreement requires any consent or approval to be given by either party, or either party must or may exercise discretion, the parties agree that such consent or approval shall not be unreasonably withheld or delayed and such discretion shall be reasonably exercised.

**9.4    Choice of Law and Forum; Waiver of Jury Trial.** The parties agree that this Agreement shall be governed by and construed in accordance with applicable federal law of the United States of America and otherwise by the laws of the State of Louisiana, excluding any conflict-of-laws rule or principle that might refer the governance or the construction of this Agreement to the laws of another jurisdiction. Any litigation between the parties to this Agreement shall be brought in the United States Bankruptcy Court for the Western District of Louisiana, Lafayette Division, and the parties agree to submit to the jurisdiction of such court. If, and only if, it is determined that the Bankruptcy Court does not have jurisdiction over a dispute as to this Agreement, the parties agree that any litigation between the parties to this Agreement shall be brought in the United States District Court for the Western District of Louisiana, Lafayette Division. **BUYER AND SELLER HEREBY WAIVE THE RIGHT TO ANY JURY TRIAL IN ANY ACTION, PROCEEDING OR COUNTERCLAIM BROUGHT BY EITHER BUYER OR SELLER AGAINST THE OTHER.**

**9.5    Benefit/Assignment.** This Agreement shall inure to the benefit of and be binding upon the parties hereto and their respective successors and assigns and no others; provided, however, that no party may assign this Agreement without the prior written consent of the other party.

**9.6    Termination prior to Closing.** Notwithstanding anything herein to the contrary, this Agreement:

(a)    Shall terminate automatically if the Vessels become a total or constructive total loss before the Closing occurs;

(b)    May be terminated at any time by mutual consent of Buyer and Seller on or before the Closing Date;

(c)    May be terminated by Buyer if, on the Closing Date, all of the conditions specified in Article VII of this Agreement have not been satisfied and have not been waived in writing by Buyer;

(d)    May be terminated by Seller if, on the Closing Date, any of the conditions specified in Article VI of this Agreement have not been satisfied and have not been waived in writing by Seller; or

(e)    May be terminated by Buyer or Seller, if the Closing shall not have taken place on

549777v2                              8

or before 5:00 p.m. Central Daylight Savings Time on the Closing Date or if the Closing Date does not occur thirty (30) days from the date hereof.

Upon a valid termination pursuant to this Article, this Agreement will immediately become null and void, and there will be no liability or obligation on the part of the parties hereto (or any of their respective officers, directors, employees, agents or other representatives or affiliates) other than the return of the Deposit and any accrued interest to Buyer in accordance with Section 2.3.

  **9.7**   **Brokerage.** Buyer and Seller represent that no broker has been contacted directly or indirectly in connection with the transactions contemplated hereby except that Seller represents that it will be solely responsible for the payment of a brokerage commission to William Blair & Company, LLC, Dennis O. Frantz and Frantz Marine. Except as to William Blair & Company, LLC, Dennis O. Frantz and Frantz Marine, Buyer and Seller agree to indemnify the other party from and against all losses, costs, damages or expenses (including reasonable attorneys' fees) arising out of the breach by the indemnifying party of this representation and warranty, including, without limitation, all fees or commissions of brokers employed or alleged to have been employed by such indemnifying party.

  **9.8**   **Waiver of Breach.** The waiver by either party of breach or violation of any provision of this Agreement shall not operate as, or be construed to constitute, a waiver of any subsequent breach of the same or other provision hereof.

  **9.9**   **Notice.** All notices, requests and other communications to any party hereunder shall be in writing and given to such party at its address or telecopy number set forth below, or at such other address or telecopy number as such party may hereafter specify in writing for the purpose of notice: (a) by facsimile, confirmed by first-class mail, postage prepaid, (b) by certified mail, postage prepaid, return receipt requested, (c) by established and reputable express or courier service, prepaid, or (d) by personal delivery. Each such notice, request or other communication shall be effective (i) if given by facsimile, upon transmission and confirmed electronic answer back, if confirmed by first class mail as provided above, or (ii) if given by certified mail, prepaid courier or express service, or personal delivery, when received at the address specified in this Section, or when delivery at such address is refused.

**Seller:**      Gulf Fleet, LLC, Gulf Worker, LLC, Gulf Ocean Marine Services, LLC, Gulf Wind, LLC, and Hercules Marine, LLC
167 Industrial Parkway
Lafayette, LA 70508
Attention: Michael E. Prejean

with a copy to:

Stewart F. Peck
Lugenbuhl, Wheaton, Peck,
  Rankin & Hubbard
601 Poydras Street, Suite 2775

New Orleans, LA 70130

**Buyer:** Odyssea Vessels, Inc
P.O. Box 1471
Larose, LA 70373
Attention: Roger Brown

with a copy to:

William B. Gibbens, III
2500 City West Blvd., Ste. 1225
Houston, TX 77042

**9.10 Consequential Damages.** Notwithstanding any other provision of this Agreement, neither Seller nor Buyer shall have any liability to the other, and Seller and Buyer each hereby waives, releases, and agrees not to look to the other upon any claim, for loss of use, loss of profits, loss of income, vessel downtime, or for any special, indirect or consequential damages suffered or incurred by Seller or Buyer in connection with, arising out of, or in any way related to, a breach of this Agreement.

**9.11 Specific Performance.** Seller and Buyer each recognize that, in the event it defaults in the performance of its obligations hereunder, any remedy at law may prove to be inadequate relief to the non-breaching party. Seller and Buyer therefore agree that the non-breaching party, if it so requests, shall be entitled to a decree of specific performance, and to temporary and permanent injunctive relief, in any such case without the necessity of proving actual damages.

**9.12 Severability.** In the event any provision of this Agreement is held to be invalid, illegal or unenforceable for any reason and in any respect, such invalidity, illegality, or unenforceability shall in no event affect, prejudice or disturb the validity of the remainder of this Agreement, which shall be and remain in full force and effect, enforceable in accordance with its terms.

**9.13 Entire Agreement/Amendment.** This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof, and no party shall be entitled to benefits other than those specified herein. No oral statements or prior written material not specifically incorporated herein shall be of any force and effect. The parties specifically acknowledge that in entering into and executing this Agreement, the parties have relied solely upon the representations, warranties and covenants contained in this Agreement and no others. All prior representations or agreements, whether written or oral, not expressly incorporated herein are superseded and no amendments or supplements to, or modifications of, this Agreement shall be recognized unless and until made in writing and signed by all parties hereto.

**9.14 Counterparts.** This Agreement may be executed in two or more counterparts, each and all of which shall be deemed an original and all of which together shall constitute but

one and the same instrument.

9.15 **Further Assurances.** From and after Closing, Seller and Buyer shall do all things reasonably necessary to more effectively effectuate the transactions provided for herein.

**IN WITNESS WHEREOF,** the parties hereto have caused this agreement to be executed in multiple originals by their authorized officers, all as of the date and year first above written.

| SELLER: | BUYER: |
|---|---|
| Gulf Fleet, LLC, Gulf Worker, LLC, Gulf Wind, LLC, Gulf Ocean Marine Services, LLC, and Hercules Marine, LLC | Odyssea Vessels, Inc. |
| By: *[signature]* | By: *[signature]* |
| Name: Michael E. Prejean | Name: David W. Sharp |
| Title: Chief Financial Officer | Title: President and Chief Executive Officer |