**SO ORDERED.**

**SIGNED May 11, 2011.**



_____
**ROBERT SUMMERHAYS**
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 10-50713 |
| GULF FLEET HOLDINGS, INC., et al. | CHAPTER 11 |
| DEBTORS | (Jointly Administered w/ Case Nos. 10-50714, 10-50715, 10-50716, 10-50717, 10-50718, 10-50719, 10-50720, 10-50721, 10-50722, 10-50723) |

## ORDER CONFIRMING DEBTORS' CONSOLIDATED PLAN OF REORGANIZATION

This matter came before the Court on April 26, 2011, upon due and proper notice, as a

hearing (the "***Confirmation Hearing***") to consider confirmation of the Consolidated Chapter 11 Plan

of Reorganization (the "***Consolidated Plan***") filed by Gulf Fleet Holdings, Inc., Gulf Fleet

Management, LLC, Gulf Fleet, LLC., Gulf Fleet Offshore, LLC, Gulf Fleet Marine, Inc., Gulf Ocean

Marine Services, LLC, Gulf Service, LLC, Gulf Wind, LLC, Gulf Worker, LLC, Hercules Marine,

LLC, and Star Marine, LLC (the "***Debtors***") (**Docket No. 835**), as modified pursuant to the First

Immaterial Modifications (**Docket No. 873**), the Second Immaterial Modifications (**Docket No. 887**), and the Third Immaterial Modifications (**Docket No. 902**)[1] (collectively, the "***Modifications***") , together with the Supplement to the Consolidated Plan identifying the proposed Trustee for the Liquidating Trust (**Docket No. 888**) ("***Plan Supplement***"), and as specifically modified by this Order (the Consolidated Plan, Modifications, Plan Supplement, and modifications herein, are hereinafter collectively referred to as the "***Plan***") as well as the objections filed on behalf of H.I.G. Capital, L.L.C., H.I.G. Gulf Fleet Acquisition LLC, Gulf Fleet Financing, LLC (**Docket Nos. 865** and **903**), Michael and Darlene Hillman (**Docket No. 868**), the Official Committee of Unsecured Creditors (**Docket No. 878**).

Appearances:

Stewart F. Peck, Christopher T. Caplinger, and Benjamin W. Kadden
*Counsel for the Debtors*

Rhett Campbell and Demetra Liggins
*Counsel for Comerica Bank, Administrative and Collateral Agent for the Senior Lenders*

Hugh M. Ray, III and Christopher Johnson
*Counsel for the Official Committee of Unsecured Creditors*

Thomas St. Germain and Robert Stefani
*Counsel for Michael Hillman, Darlene Hillman, Grant Hillman, Bengal Barges, LLC, and DMH Leasing, LLC*

Eric Lockridge
*Counsel for H.I.G. Capital, LLC and Gulf Fleet Financing, LLC*

Joseph P. Hebert
*Counsel for LBC Credit Partners II, L.P.*

Robert Greenfield and William Gibbens
*Counsel for Odyssea Vessels, Inc.*

---

[1] The Third Immaterial Modifications include modifications to Section 7.7 of the Plan which were withdrawn by the Debtors at the hearing. Likewise, the Debtors withdrew the Fourth Immaterial Modification (**Docket No. 905**) at the hearing.

2

Considering the testimony and evidence adduced, the statements of counsel and the objections filed, and after reviewing the Plan and other pleadings on file, this Court makes the following findings of fact and conclusions of law:[2]

1. **Jurisdiction.** This Court has core jurisdiction over these cases pursuant to 28 U.S.C. §157(b)(2)(L). This matter arises under the Bankruptcy Code, Title 11 of the United States Code, 11 U.S.C. §101, *et seq*., and jurisdiction is vested in this Court to enter a final order by virtue of 28 U.S.C. §1334(a) and (b), and 28 U.S.C. §§151, 157(a) and (b)(1). This Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed. These findings of fact and conclusions of law are being entered under Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***").

2. **Service of Solicitation Materials and Notice.** In accordance with this Court's Order approving the Disclosure Statement[3] (the "***Disclosure Statement Order***") and Bankruptcy Rule 3017(d), all appropriate pleadings and Ballots were transmitted, mailed, or published, all as evidenced by the affidavits filed in connection with the Plan.[4]

3. **Adequate Notice of Confirmation Hearing.** In accordance with Bankruptcy Rules 2002, 3018, 3019, 6004, 6006, 9007, and 9014, the Local Rules of this Court, and the Disclosure Statement, adequate notice of the time for filing objections to confirmation of the Plan and the transactions contemplated thereby and adequate notice of the Confirmation Hearing was provided to all Holders of Claims and Interests and other parties-in-interest entitled to receive

---

[2] All capitalized terms which are not defined herein shall have the meaning(s) ascribed to them in the Plan.
[3] **Docket No. 837**.
[4] **Docket Nos. 895**, **896**, **897**, and **898**.

3

such notice under the Bankruptcy Code and Bankruptcy Rules. No other or further notice of the Confirmation Hearing or confirmation of the Plan is necessary or required.

4. **Good Faith Solicitation.** Based on the record, the Debtors and their respective directors, officers, employees, managers, members, attorneys, affiliates, agents, and professionals (including, but not limited to, their attorneys, financial advisors, investment bankers, accountants, solicitation agents, and other professionals that have been retained by the Debtors) have acted in "good faith" within the meaning of Section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order, and applicable non-bankruptcy law in connection with their respective activities related to (a) the solicitation of acceptances or rejections of the Plan; (b) the offer, sale, issuance and distribution of the Liquidating Trust Assets; (c) the offer, sale, issuance, distribution, and/or surrender of the Comerica Collateral; and (d) their participation in the other activities in Section 1125 of the Bankruptcy Code. Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with Bankruptcy Code Sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Disclosure Statement Order, and all other provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations. Additionally, all procedures used to distribute the solicitation materials to the Holders of Claims and Interests were fair, and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and all other applicable rules and regulations. Therefore, the Debtors are entitled to the full protections afforded by Section 1125(e) of the Bankruptcy Code.

4

5. **Marketing Process and Auction.** The Debtors have embarked on a comprehensive strategy to market their Assets in a manner specifically designed and implemented to ensure that the highest and best offers for the Debtors' Assets would be forthcoming. Specifically, the Court finds that the Debtors extensively marketed the Vessels and conducted the sale process in compliance with the Order (a) Approving Bid Procedures for Submission and Acceptance of Competing Bids in Connection with the Sale of Certain Assets of the Debtors; (b) Scheduling Bid Deadline, Auction Date, and Sale Hearing Date; (c) Establishing Procedures for Determining Cure Amounts; and (d) Fixing Procedures and Approving Form of Notice (**Docket No. 794**) (the "***Bid Procedures Order***"). The evidence shows that the Debtors, through their advisors, contacted 291 potential buyers that the Debtors' advisors had reasons to believe might be interested in pursuing a transaction to acquire the Debtors' Assets. The evidence further shows that confidentiality agreements were executed by forty (40) of these parties and they received a watermarked electronic copy of the confidential information memorandum and instructions to submit an initial indication of interest. Parties were also given access to an electronically-hosted online data room containing data and records regarding the Debtors and their Assets. The evidence further shows that the Debtors conducted an auction for the sale of the Assets on April 20, 2011 pursuant to the Bid Procedures Order. Furthermore, the bidding at the auction was robust, conducted fairly, in good faith, without collusion, and involved over seven (7) rounds of competitive bidding. The totality of this evidence convinces this Court that the Debtors completed a full marketing and auction process in accordance with the Bid Procedures Order and all other requirements of the Bankruptcy Code and other applicable law. The Debtors exercised their reasonable

5

business judgment in identifying Qualified Bids, selecting the Starting Bids, conducting the auction, and identifying the successful bidders and back-up bidders, all in accordance with the Bid Procedures Order and all other requirements of the Bankruptcy Code and other applicable law. The marketing process occurred over two (2) months. Based on the evidence, this Court finds that the marketing period was an adequate marketing period for the Debtors' Assets. Potential buyers were afforded adequate time to conduct due diligence and discuss proposals with the Debtors and their professionals. Given the scope, manner, and length of the marketing process, this Court finds that the process has yielded fair value for the Debtors' Assets and is not a "fire sale" for liquidation value. The Court further finds that additional marketing of the Assets would not likely lead to any higher or better offers, and thus, additional marketing of the Assets would not be in the best interests of these estates. Accordingly, this Court finds that the auction process should be and is appropriately closed, pending consummation of the Plan.

6. **Successful Bids.** The Debtors have selected the bid by Odyssea Vessels, Inc. (the "***Buyer***") as the Successful Bid for the Vessels (excluding the *Gulf Sun*). The Successful Bid constitutes the highest and best offer for the Vessels (excluding the *Gulf Sun*) and the determination of the Debtors is a valid and sound exercise of the Debtors' business judgment. The terms of the Successful Bid are reflected in that Vessel Purchase Agreement ("***VPA***") executed by Odyssea Vessels, Inc. and dated April 20, 2011. The credit bid submitted by LBC Credit Partners II, L.P. on behalf of itself or a designee was the only bid received for the *Gulf Sun* and it is the Successful Bid for the *Gulf Sun*.

7. **Back-Up Bid.** The Debtors have selected the bid made Jackson Offshore Asset Holdings,

6

LLC as the Back-Up Bid in the event that the Successful Bid for the Vessels (excluding the *Gulf Sun*) is not consummated.

8. **Good Faith of the Debtors and the Buyer.** The Debtors and the Buyer have acted in good faith with respect to the VPA. Additionally, the Buyer is a good faith purchaser of the Debtors' Vessels (excluding the *Gulf Sun*) and is entitled to the protections under Section 363(m) of the Bankruptcy Code. The Buyer participated in a robust marketing process, which culminated in an auction where the Buyer's bid was selected as the Successful Bid after numerous rounds of competitive bidding. The Buyer complied with the auction procedures and participated in the auction in good faith, without collusion, and with the honest intent to win the auction with the highest and best bid.

9. **Arm's Length Sale.** The VPA was negotiated, proposed, and entered into by the Debtors and the Buyer without collusion and in good faith, and arm's length bargaining positions. The Buyer has not acted in a collusive manner with any person and the purchase price was not controlled by any agreement among the bidders at the auction.

10. **Highest and Best Offer.** The Successful Bids constitute the highest and best offers for the Vessels and will provide greater recovery for the Debtors' estates than would be provided by any alternative transaction. The Debtors' determination that the Successful Bids constitute the highest and best offers for the Vessels constitutes a valid and sound exercise of the Debtors' business judgment.

11. **Immaterial Modifications.** In accordance with Section 1127 of the Bankruptcy Code, the Modifications of the Plan are primarily technical in nature and do not adversely change the treatment of any creditor or equity security interest, and all such Modifications are approved,

7

and no additional disclosure to holders of claims or equity security interests is required by the Bankruptcy Code or Rules.  As represented by counsel at the hearing, the modifications to Section 7.7 included in the Third Immaterial Modifications and the Fourth Immaterial Modification are withdrawn.  For the avoidance of doubt, the Official Committee of Unsecured Creditors will not terminate until the Effective Date of the Plan.  Furthermore, pursuant to the agreement of the parties at the hearing, Section 5.10 of the Plan is amended and restated in its entirety as follows:

5.10 **Class 9:  Existing Equity Interests**

**(a)** **Treatment.** Class 9 Existing Equity Interests shall be cancelled on the Effective Date, and Holders of such Interests shall not be entitled to, and shall not receive or retain any property or interest in property on account of such Interests unless and until the Holders of all Allowed Claims in Class 7 have received full satisfaction and payment of those Allowed Class 7 Claims. On and after the Effective Date, the Debtors and the Liquidating Trust will have no obligations or liabilities to the Holders of such Interests in such role as a Holder of Existing Equity Interest and such Holders will have no rights against Debtors or the Liquidating Trust for any amount due on or right created by such Interests, except in the event that all Allowed Class 7 Claims are paid in full, in which event the holders of Class 9 Equity Interest will receive Pro Rata Distributions by the Liquidating Trust pursuant to the terms of the Liquidating Trust Agreement from the liquidation of the Liquidation Trust Assets, including the Reserved Causes of Action. Notwithstanding any of the foregoing, nothing in the Plan shall be construed to release any of such Holders' and each of their affiliates' defenses and counterclaims, and/or rights of setoff, subrogation or recoupment that may exist against the Debtors, their Estates and the Liquidation Trust.

**(b)** **Impairment.** Class 9 Existing Equity Interests are **Impaired** and receive or retain nothing on account of the interests under the Plan except in the event that the holders of allowed Class 7 Claims are paid in full and are deemed to have rejected the Plan. Therefore, the Holders of Class 9 Existing Equity Interests will not be solicited to vote to accept or reject the Plan.

12. **Disclosure of Payments.**  All payments made or promised by the Debtors, or any person acquiring property under the Plan, for costs, services or expenses in connection with these

8

cases or in connection with the Plan have been disclosed to the Court and are appropriate.

13. **Fair and Equitable Best Interest.** The agreement with creditors reflected in the Plan is fair and equitable, and in the best interests of the estates and their respective creditors.

14. **The Plan Complies with the Applicable Provisions of the Bankruptcy Code (Section 1129(a)(1)).**

a. The Debtors are Louisiana and Delaware corporations and limited liability companies, and are eligible to be Debtors under Section 109 of the Bankruptcy Code.

b. On May 14, 2010, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

c. The Debtors are proper proponents of a plan pursuant to Section 1121(c) of the Bankruptcy Code and have satisfied their burden of proof with respect to confirmation of the Plan.

d. On March 29, 2011, the Debtors caused, *inter alia*, the Debtors' Disclosure Statement for the Plan and the Plan to be mailed to all parties required by this Court's Order dated March 28, 2011, advising them of, among other things, the time and place of the Confirmation Hearing and the procedures for objection to, and voting for, the Plan. *See* **Docket No. 897**.

e. All appropriate governmental units (as defined in Section 101 of the Bankruptcy Code) were given adequate notice of the Confirmation Hearing.

f. Any party-in-interest entitled to receive notice of the Confirmation Hearing was given adequate notice of the hearing.

g. All parties-in-interest and all governmental units (as defined in Section 101 of the

Bankruptcy Code) had the opportunity to appear and be heard at the Confirmation Hearing.

h.      The Plan complies with Rule 3016.

15. **Proper Classification (Sections 1122 and 1123(a)(1)).**   Each claim and equity interest placed in a particular class pursuant to the Plan is substantially similar to the other claims or equity interests, as the case may be, in such class.  Valid business, legal, and factual reasons exist for the separate classification of Claims and Interests and there is no unfair discrimination or gerrymandering between or among the Holders of Claims and Interests. Accordingly, the classification of Claims and Interests under the Plan complies with Sections 1122 and 1123(a)(1) of the Bankruptcy Code.

16. **Unimpaired Classes (Section 1123(a)(2)).**  The Plan specifies classes of claims that are not impaired under the Plan.

17. **Treatment of Impaired Classes (Section 1123(a)(3)).**   The Plan specifies the treatment of all impaired classes.

18. **No Discrimination (Section 1123(A)(4)).**   The Plan provides for the same treatment of each claim or equity interest in a particular Class, unless a holder of a claim or equity interest therein has agreed to a less favorable treatment.

19. **Implementation of the Plan (Section 1123(a)(5)).**   The Plan provides adequate means for the Plan's implementation, as set forth in Article VII of the Plan.

20. **Debtor's Charter Provisions (Section 1123(a)(6)).**   The Plan satisfies all requirements of 11 U.S.C. §1123(a)(6).

21. **Selection of Officers (Section 1123(a)(7)).**    The Plan contains only provisions that are

10

consistent with the interests of creditors and equity security holders and with public policy

with respect to the appointment of officers, if any, for the Reorganized Debtors.

22. **Executory Contracts and Unexpired Leases (Section 1123(b)(2)).** The Plan provides that

the Debtors have rejected all executory contracts and unexpired leases pursuant to Section

365 of the Bankruptcy Code. Additionally, Section 7.2 of the Plan provides that if the

rejection by the Debtors (pursuant to the Plan or otherwise) of an executory contract or

unexpired lease results in a Rejection Claim, then such claim shall be forever barred and

shall not be enforceable against the Debtors, Reorganized Debtors, or the Liquidating Trust,

or such entities' properties unless a proof of claim is filed with the Clerk of this Court and

served upon counsel to the Debtors and the Trustee of the Liquidating Trust no later than

thirty (30) days after service of the earlier of (a) notice of this Confirmation Order or (b)

other notice that the executory contract or unexpired lease has been rejected.

23. **The Debtors Have Complied with the Bankruptcy Code (Section 1129(a)(2)).** The

Debtors have complied with the applicable provisions of the Bankruptcy Code. The

solicitation of acceptances and rejections from holders of impaired claims and equity

interests has been in compliance with applicable provisions of the Bankruptcy Code and

Rules including, without limitation, 11 U.S.C. §§1125 and 1126. The modifications to the

Plan set forth in the Modifications satisfy, and the Debtors have satisfied, 11 U.S.C. §1127.

24. **Plan Proposed in Good Faith (Section 1129(a)(3)).** The Plan has been proposed in good

faith and not by any means forbidden by law. The Plan has been proposed for valid business

purposes, to satisfy substantial obligations of the Debtors, and to provide relief under Chapter

11 to the Debtors, their creditors, and equity security holders.

11

25. **Payments of Costs and Expenses (Section 1129(A)(4)).**  Any payment made or to be made pursuant to the Plan for services or costs and expenses incurred in or in connection with the Debtors' Chapter 11 case has been approved by, or will be subject to the approval of the Court as reasonable.

26. **Directors and Officers (Section 1129(a)(5)).**  The Debtors have disclosed the identity and compensation of the proposed officers, if any, of the Reorganized Debtors as required by 11 U.S.C. §1129(a)(5).  The appointment and compensation of the proposed officers, if any, pursuant to the terms disclosed by the Debtors, is consistent with the interests of creditors and equity security holders and with public policy.

27. **No Rate Change (Section 1129(a)(6)).**  No rate changes are provided for in the Plan that would require governmental regulatory commission approval.

28. **Best Interests of Creditors (Section 1129(a)(7)).**  With respect to each impaired Class of claims or equity interests, each holder of a claim or equity interest will receive or retain under the Plan on account of such claim or equity interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on the Effective Date of the Plan.

29. **Plan Acceptance (Section 1129(a)(8)).**  Allowed claims that are unimpaired within the meaning of 11 U.S.C. §1124 and the holders thereof are conclusively presumed to have accepted the Plan under 11 U.S.C. §1126(f).  Classes 2, 5, and 7 under the Plan are impaired and entitled to vote and have each accepted the Plan.  No claimants were, in fact, found to exist in Classes 3, 4, and 6 and Class 4 was eliminated by the Second Immaterial

Modifications.

30. **Plan Treatment of Administrative Expenses Claims and Priority Claims (Section 1129(a)(9)).** Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, Section 3.1 of the Plan provides that each holder of a claim of a kind specified in 11 U.S.C. §507(a)(1) through 507(a)(7), on the later of the Effective Date of the Plan and the date on which such claim becomes allowed, will receive on account of such claim cash equal to the allowed amount of such claim. However, Section 3.2 of the Plan provides that professionals employed in this matter and seeking payment of an Administrative Claim shall file final applications for allowances of compensation for services rendered and reimbursement of expenses, and all such professionals shall file such application for compensation no later than thirty (30) days after the Effective Date for payment of such claims. However, on or prior to the Effective Date, all Chapter 11 Professionals shall provide to counsel for the Debtors an estimate through the Effective Date of the compensation and expenses regarding which each Chapter 11 Professional will submit such an application. Additionally, the Plan complies with 11 U.S.C. §1129(a)(9)(C) for a holder of a Section 507(a)(8) claim.

31. **At Least One Impaired Class Accepted the Plan (Section 1129(a)(10)).** Classes 2, 5, and 7, each an Impaired Class under the Plan, have accepted the Plan. Furthermore, although insiders are included in Class 7, the acceptance of Class 7 is not dependent upon the acceptance of those insiders and tabulation of the vote of Class 7 excluding the vote of such insiders results in acceptance by Class 7.

32. **Feasibility (Section 1129(a)(11)).** This is a liquidation Plan, and, therefore, the Plan

13

complies with Section 1129(a)(11).

33. **United States Trustee Fees (Section 1129(a)(12)).** All fees due and payable under 28 U.S.C. §1930 will be paid by the Debtors in accordance with Section 16.5 of the Plan.

34. **Retiree Benefits (Section 1129(a)(13)).** The Debtors do not have any obligations with respect to retiree benefits.

35. **Section 1129(b).** To the extent that 1129(b) applies, all applicable requirements of 11 U.S.C. §1129(a) have been met with respect to the Plan and the Plan does not discriminate unfairly, and the Plan is fair and equitable with respect to each class of claims or interests that is impaired under and has not accepted the Plan.

36. **Issuance of Security.** No securities shall be issued under the Plan.

Finding that the Plan is confirmable for all of the foregoing reasons, and based upon the foregoing findings of fact and conclusions of law, which are fully incorporated by reference below:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

A. **Confirmation.** The Plan is hereby CONFIRMED IN ALL RESPECTS and the record of the Confirmation Hearing is closed.

B. **Binding Plan and Order.** The provisions of the Plan and this Confirmation Order are hereby made binding upon the Debtors, the Trustee of the Liquidating Trust, and all other holders of Claims and Interests, including claims for environmental damage or equity security interests, whether or not such Claims or Interests are impaired under the Plan and whether or not such Holder of a Claim or Interest has filed, or is deemed to have filed, a proof of Claim or proof of Interest or has accepted the Plan. Except as otherwise may be set forth in the Plan, all persons and entities that are the holders of Claims and Interests,

14

including claims for environmental damage, or equity security interests, and their respective servants, agents, employees, officers, directors, partners, successors and assigns are hereby enjoined and restrained from commencing or continuing in any suit, action or proceeding or otherwise attempting to obtain possession of, or interfering with the Reorganized Debtors or Trustee of the Liquidating Trust's possession or distribution of, all property of the estates of the Debtors or the Liquidating Trust, and all proceeds thereof, so as to enable the Trustee of the Liquidating Trust to implement, effectuate and carry out all of the provisions of the Plan.

C. **Releases.** As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors and any Entity seeking to exercise the rights of the Debtors or the Debtors' Estate, including, without limitation, any successor(s) to the Debtors or the Debtors' Estate or any Estate representative(s), shall be deemed to forever release, waive, and discharge all Claims, Interests, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, and liabilities whatsoever, including for negligence, but excluding for fraud, willful misconduct, intentional tortious acts or gross negligence in connection with or related to the Debtors, the Chapter 11 Cases, or the Plan (other than the rights of the Debtors, the Liquidating Trust, or any Estate representative(s) to enforce the Plan and the contracts, instruments, and other agreements or documents delivered thereunder), and that may be asserted by or on behalf of the Debtors, the Debtors' Estate, the Trustee of the Liquidating Trust, or any Person seeking to exercise the rights of the Debtors or the Debtors' Estate, including, without limitation, an estate representative, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that

15

are based in whole or part on any act, omission, transaction, event, or other occurrence taking place since the commencement of the Chapter 11 Cases in any way relating to the Debtors, the Liquidating Trust, the Chapter 11 Cases, or the Plan or the confection or solicitation for acceptances thereof, and that may be asserted by or on behalf of the Debtors, the Debtors' Estate, the Liquidating Trust, or any Person seeking to exercise the rights of the Debtors or the Debtors' Estate, including, without limitation, an estate representative, against Chapter 11 Professionals and the members of the Committee, including the individual principals, employees, agents, and affiliates of each Chapter 11 Professional and each member of the Committee.

**D.** **Injunction.**   Except as otherwise expressly provided in the Plan, the Confirmation Order or a separate order of the Bankruptcy Court, all Persons who have held, hold, or may hold a Claim or other debt or liability against the Debtors or Interest or other right against the Debtors, or any other Cause of Action arising from or related to the Debtors' Chapter 11 Cases, shall be permanently enjoined, on and after the Effective Date, from taking any actions on account of such Claims, debts, liabilities, or Interests or rights against the Debtors, including but not limited to: (a) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Interest against any of the Debtors, the Trustee of the Liquidating Trust, the members of the Litigation Oversight Committee in such capacity, or counsel employed by the Debtors or the Committee in the Debtors' Chapter 11 Cases; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree or order against the Debtors on account of any such Claim or Interest against the Debtors, the Trustee of the Liquidating Trust, the members of the Litigation Oversight

16

Committee in such capacity, or any counsel employed by the Debtors or the Committee in the Debtors' Chapter 11 Cases; (c) creating, perfecting or enforcing any Lien or encumbrance of any kind against the Debtors or against the property or interests in property of the Debtors on account of any such Claim or Interest, or the Trustee of the Liquidating Trust, or counsel employed by the Debtors or the Committee in the Debtor's Chapter 11 Cases; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due to or from the Debtors, the Trustee of the Liquidating Trust, the members of the Litigation Oversight Committee in such capacity, or counsel employed by the Debtors or the Committee in the Debtors' Chapter 11 Cases; and (e) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan, provided, further, any matter involving the Debtors, the Trustee of the Liquidating Trust, the members of the Litigation Oversight Committee in such capacity, or counsel employed by the Debtors or the Committee in the Debtors' Chapter 11 Cases shall be brought only in the Bankruptcy Court, which retains exclusive jurisdiction over such action. Any person or entity injured by any willful violation of such injunction, including but not limited to filing an action in any other court or forum, shall recover actual damages, including costs and professionals' fees, and, in appropriate circumstances, may recover punitive damages, from the willful violator. The Bankruptcy Court also may impose any additional sanctions as may be appropriate under the circumstances, including contempt sanctions.

E.  **Exculpation and Limitation of Liability.**  The Debtors, the Trustee of the Liquidating Trust, the members of the Litigation Oversight Committee in such capacity, the Committee, each of their professionals, and any of their respective members, officers, directors,

17

employees, advisors or agents, will neither have nor incur any liability to any Holder of a Claim or Interest for any act or omission in connection with, related to, or arising out of, the pursuit of confirmation of the Plan, the consummation of the Plan or the administration of the Plan or the property to be distributed under the Plan, except for willful misconduct or gross negligence, and, in all respects, the Debtors, the Trustee of the Liquidating Trust, the members of the Litigation Oversight Committee in such capacity, the Committee, and each of their respective members, officers directors, employees, advisors and agents, will be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan; provided however, that nothing contained in this Section will exculpate, satisfy, discharge or release any avoidance claims against present or former officers, directors or employees of the Debtors in their capacities other than as present or former officers, directors or employees; provided further, nothing contained in this Section will exculpate, satisfy, discharge, or release any claims against any present or former officers, directors, or employees of the Debtors for periods prior to the filing of the Chapter 11 Cases.

F. **Objections.**  All objections to the Disclosure Statement and Plan, to the extent not withdrawn, resolved, waived, or settled prior to the Confirmation Hearing or incorporated into the Modifications or this Order, are overruled on the merits.

G. **Vestment and Transfer of Assets.**  Except as otherwise set forth in the Plan or this Confirmation Order, on the Effective Date, the Liquidating Trust Assets shall vest in the Liquidating Trust, except as otherwise provided in the Plan, free and clear of any and all Claims, Interests, debts, Liens, security Interests, and encumbrances of any kind or type. Except as otherwise set forth in the Plan or the Vessel Purchase Agreements, from and after

18

the Effective Date, the Trustee of the Liquidating Trust and the Liquidating Trust shall not be responsible for any liabilities in connection with the Vessels, the Debtors' sale of the Vessels, or the VPA.

H. **Surrender of Comerica Collateral.** Pursuant to Section 5.2 of the Plan and this Order, as of the Effective Date, all proceeds from the sale of the remaining Comerica Collateral shall be transferred to Comerica or its designee. The Debtors shall surrender, transfer, and assign to Comerica or its designee all Comerica Collateral that has not been sold as of the Effective Date. The amount of the Comerica Claim shall be reduced by the fair market value of Comerica Collateral so transferred and assigned. The fair market value of Comerica Collateral so transferred and assigned shall be agreed to by and between the Debtors and Comerica, after consultation with the Committee; failing such agreement this Court shall determine the fair market value of the remaining Comerica Collateral after notice and hearing. The Trustee of the Liquidating Trust shall have no responsibility related to the Debtors' surrender, transfer, or assignment of the Comerica Collateral to Comerica or its designee.

I. **552 Litigation.** Adversary Proceeding Number 10-5103 shall be dismissed with prejudice. No later than the Effective date, the parties thereto shall submit a joint stipulation of dismissal.

J. **Executory Leases and Unexpired Leases.** On the Effective Date, except for an Executory Contract or Unexpired Lease that was previously assumed, assumed and assigned, or rejected by an order of the Bankruptcy Court, each Executory Contract and Unexpired Lease entered into by the Debtors prior to the Petition Date that has not previously expired or terminated

19

pursuant to its own terms will be rejected, pursuant to Section 365 of the Bankruptcy Code. This Confirmation Order will constitute an order of the Bankruptcy Court approving such rejections, pursuant to Section 365 of the Bankruptcy Code, as of the Effective Date.

**K. Cancellation.** On the Effective Date, share certificates and other instruments evidencing any equity interests or shareholder or membership claims will be deemed canceled without further action or action under applicable agreement, law, order or rule, and the obligations of the Debtors under such agreements, certificates or other instruments governing such claims or interest, as the case may be, shall terminate.

**L. Liquidating Trust Agreement and Appointment of Alan Goodman as Trustee for the Liquidating Trust.** The appointment of Alan Goodman as Trustee (the "*Trustee*") for the Liquidating Trust is hereby approved, and the Debtors are hereby authorized to execute the Liquidating Trust Agreement, a form of which was attached to the Plan Supplement, subject to such further modifications as may be agreed by the Debtors and the Trustee subject to the inclusion of the following additions agreed by the parties at the Confirmation Hearing in conjunction with immaterial modifications to Section 5.10 of the Plan. Consistent with Section 5.10 of the Plan, the Trust Agreement shall be revised to provide that the Holders of the Existing Equity Interests are beneficiaries of the Liquidating Trust. Additionally, the Trust Agreement shall be revised to include the following statement: "Nothing herein shall be construed to mean that Holders of Existing Equity Interests are entitled to any recovery from the Liquidating Trust Assets until such time that the Allowed General Unsecured Claims are satisfied in full." Furthermore, Section 3.07(a) of the Trust Agreement, or such corresponding paragraph to the extent that the numbering of paragraphs in the Trust

20

Agreement changes, shall be amended to provide the inclusion of the following language at the end of such subsection: "THIRD, to make the payments, if any, required under the Plan directly to Holders of Existing Equity Interests and related Liquidating Trust Interests in accordance with the terms, provisions, and priorities set forth in the Plan." The Debtors and the Trustee are authorized and directed to take all actions necessary or appropriate to enter into, effectuate and consummate any and all contracts, instruments, releases, leases, indentures and other agreements or documents created in connection with this Plan, including the execution of the Liquidating Trust Agreement. In the event that there is any inconsistency or conflict between the provisions of the Liquidating Trust Agreement and the terms of the Plan or this Order, the terms of the Plan and this Order shall control over the Liquidating Trust Agreement and the terms of this Order shall control over the Plan. Finally, notwithstanding anything contained to the contrary in the Plan, the Liquidating Trust Agreement, or this Order, the following shall be applicable to the Liquidating Trust Agreement and the Trustee of the Liquidating Trust: (1) on the Effective Date, the Debtors (i) shall transfer the sum of $100,000 to the Trustee of the Liquidating Trust in accordance with the Trustee's directions to be used as the Trustee sees fit and determines, in his sole and absolute discretion, in the best interest of the Liquidating Trust, and (ii) shall transfer to the Administrative Expense Fund the sums required by the Plan; (2) in implementing the provisions of paragraph M of this Order, the Trustee may pursue (or decide not to pursue) any and all Reserved Causes of Action, other Causes of Action, and Claims in any courts of competent jurisdiction in the United States, including the Bankruptcy Court, as he sees fit and determines in his sole and absolute discretion; (3) in lieu of meetings in person of the

21

Litigation Oversight Committee, the members thereof may act through either telephone calls or e-mails among themselves; (4) the individual members of the Litigation Oversight Committee will be appointed or designated by the members identified in the Plan on or before the Effective Date of the Plan, and if any appointed member of the Litigation Oversight Committee declines to serve, dies, or resigns, as a member therefor, the then remaining member or members may, in his or their sole and absolute discretion, appoint a replacement member therefor; and (5) the Trustee and the members of the Litigation Oversight Committee will neither have nor incur any liability to any other person or entity for anything related to the Liquidating Trust, the Liquidating Trust Agreement, and/or the exercise of their duties under the Liquidating Trust Agreement, the Plan and/or this Order, except for fraud, willful misconduct or gross negligence, and are entitled to rely on the advice of counsel or other professional advisors in all matters. For the avoidance of doubt, the Trustee and the members of the Litigation Oversight Committee will not be liable to anyone for anything related to the Liquidating Trust, the Liquidating Trust Agreement, and/or the exercise of their duties under the Liquidating Trust Agreement, the Plan, and/or this Order, except for his (or their) own fraud, willful misconduct, or gross negligence.

M. **Preservation of Causes of Action.** Except as otherwise provided in the Plan, any and all Causes of Action of the Debtors are preserved and assigned to the Liquidating Trust and the Trustee including, but not limited to, all claims under Sections 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code, and the Reserved Causes of Action set forth on Exhibit A to the Plan. Upon the Effective Date, all Reserved Causes of Action shall, pursuant to (i) Bankruptcy Code Section 1123(b)(3)(B), (ii) the Plan, and (iii) this Confirmation Order, be

22

deemed conveyed to the Liquidating Trust and retained by the Trustee of the Liquidating Trust as the duly appointed representative of the Estates and the Liquidating Trust. Subject to the provisions of the Plan, the Trustee may prosecute, settle, dismiss, or choose not to pursue any and all Reserved Causes of Action, other Causes of Action, and claims as the Trustee of the Liquidating Trust sees fit and determines, in his sole and absolute discretion, without further review or approval by this Court.

N. **Judgments.**  Except as otherwise provided in the Plan and Modifications, any judgments against the Debtors dated on or prior to the Effective Date are hereby voided and of no further force and effect.

O. **Dismissal of Litigation.**  Except as otherwise provided in the Plan, on the Effective Date, all suits, litigation, administrative actions or other proceedings, judicial or administrative, asserting any claim against the Debtors shall be dismissed as to all such claims against the Debtors. Such dismissal shall be with prejudice to the assertion of such claim in any manner.

P. **Retention of Jurisdiction.**  The United States Bankruptcy Court for the Western District of Louisiana retains all permissible jurisdiction over the Debtors, Reorganized Debtors, Liquidating Trust and the Trustee of the Liquidating Trust, the members of the Litigation Oversight Committee, all creditors, equity security interest holders, and all matters relating or pertaining to the Plan, and matters reserved in Article XV of the Plan, and all causes of action to be maintained by the Trustee of the Liquidating Trust regarding collection of accounts receivable or enforcement of rights, or causes of action and/or claims hereby maintained, reserved, and preserved. For the avoidance of doubt, this Court shall retain jurisdiction over all pending matters, including pending adversary proceedings.

23

**Q. Dissolution of the Creditors' Committee.** Upon the Effective Date, the Official Committee of Unsecured Creditors appointed in this Chapter 11 Case pursuant to Section 1102 of the Bankruptcy Code shall cease to exist and its members and employees or attorneys shall be and are hereby released and discharged from further duties, responsibilities and obligations relating to and arising from and in connection with this Chapter 11 Case.

**R. Substantive Consolidation.** On the Effective Date, the Debtors' estates shall be substantively consolidated for all purposes related to the Plan and the Liquidating Trust and the substantive consolidations of the estates shall have the effect set forth in Section 7.1 of the Plan.

**S. Narrative Status Report.** The Trustee of the Liquidating Trust shall file a narrative post confirmation report within one (1) year after the Effective Date detailing the steps taken toward consummation of the Plan. Additional reports are to be filed annually thereafter until a motion for final decree is filed.

**T. Authority.** All actions and transactions contemplated under the Plan and by the VPA, including but not limited to any documents executed in connection therewith or related thereto, and any certificates, agreement, or other documents or instruments to be executed in connection with the transfer, assignment, and vesting of the Vessels, shall be authorized upon entry of this Order without the need of further approvals, notices, or meetings of the Debtors.

**U. Enabling Provision.** All persons who are contemplated by the Plan to render services, execute documents, make payments, file pleadings, resolve controversies, or take any action are hereby ordered and directed to take such action. After the Effective Date, the Trustee of the Liquidating Trust may present such orders or assignments to this Court, for entry or

approval and suitable for filing in the records of any county, parish, state, or government agency which provide that such properties are conveyed to and vested in the Liquidating Trust. The orders or assignments may designate any liens, Claims, encumbrances, or other Interest which appear of record and/or from which the property is being transferred and assigned. The Plan shall be conclusively deemed to be adequate notice that such lien, Claim, encumbrance, or other Interest is being extinguished, and no notice, other than by the Plan, shall be given before the presentation of such orders or assignments. Any person having a lien, Claim, encumbrance, or other Interest against any Vessel shall be conclusively deemed to have consented to the transfer, assignment, and vesting of such asset; provided, however, nothing herein shall be deemed to be a release of any liens or lien, Claim, encumbrance, or other Interest on, or in, or against property that it not an Asset vested in the Liquidating Trust.

V.  **Notice of Effective Date.**  Approximately fifteen (15) days prior to the occurrence of the Effective Date, the Debtors shall notify all Chapter 11 Professionals of the approximate date on which the Debtors anticipate the Effective Date will occur. On or before five (5) days after the occurrence of the Effective Date, the Debtor shall file with this court a notice of such occurrence of the Effective Date.

W.  **References to Plan Provisions.**  The failure specifically to include or reference any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be confirmed in its entirety (except as otherwise modified in this Confirmation Order).

X.  **Modifications of the Plan Before Substantial Consummation.**  Before substantial

25

consummation of the Plan, the Debtors may under Section 1127(b) of the Bankruptcy Code, with the approval of the Buyer if required by the VPA, (a) amend the Plan so long as such amendment shall not materially or adversely affect the treatment of any Holder of a Claim; (b) institute proceedings in this Court to remedy any defect or omission or reconcile any inconsistency in the Plan, the Disclosure Statement, or this Order; and (c) amend the Plan as may be necessary to carry out the purposes and effects of the Plan so long as such amendment does not materially or adversely affect the treatment of the Holders of the Claims or Interests under the Plan; provided, however, prior notice of any amendment shall be served in accordance with the Bankruptcy Rules or Orders of this Court.

**Y.** **Applicable Non-Bankruptcy Law.** Pursuant to Sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Order, the Plan, or any amendments or modifications thereto shall be enforceable notwithstanding any other applicable non-bankruptcy law.

**Z.** **Conflicts Between Plan and/or the Liquidating Trust Agreement and this Order.** If there is any conflict or inconsistency between the Plan and this Order, the terms of this Order shall control. Likewise, in the event that there is any conflict or inconsistency among the provisions of the Liquidating Trust Agreement or the terms of the Plan or this Order, the terms of this Order shall control.

**AA.** **Severability of Plan Provisions.** Each term and provision of the Plan, as it may be altered or interpreted, is valid and enforceable pursuant to its terms.

**BB.** **Recordable Form.** This Order shall be, and hereby is, declared to be in recordable form and shall be accepted by any filing or recording officer or authority of any applicable government authority for filing and recording purposes without further or additional orders,

26

certifications, or other supporting documents.  Further, this Court authorizes the Debtors, the Trustee of the Liquidating Trust, and the Liquidating Trust to file a memorandum of this Order in any appropriate filing or recording office as evidence of the matters herein contained.

CC. **Waiver of Stay.**  Notwithstanding Bankruptcy Rule 6004(h) and subject to the VPA, the Debtors, the Buyer, and all parties to transactions contemplated by the Plan shall be authorized to consummate the Plan and the transactions and transfers contemplated thereby immediately after the entry of this Order.

DD. **Appeal.**  The reversal or modification on appeal of this Order does not affect the validity of the transactions contemplated under the Plan with respect to an entity that has purchased or acquired property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and transactions under the Plan are stayed pending appeal.

### ###

This Order was prepared and is being submitted by:

Stewart F. Peck (#10403)
Christopher T. Caplinger (#25357)
Benjamin W. Kadden (#29927)
Joseph P. Briggett (#33029)
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
*Attorneys for the Debtors*

27