UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 10-50713 |
| GULF FLEET HOLDINGS, INC., et al. | CHAPTER 11 |
| DEBTOR | (Jointly Administered w/ Case Nos. 10-50714, 10-50715, 10-50716, 10-50717, 10-50718, 10-50719, 10-50720, 10-50721, 10-50722, 10-50723) |

**THIRD AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF AKERMAN SENTERFITT, PA AS SPECIAL LITIGATION COUNSEL FOR THE DEBTORS**

**NOW INTO COURT**, through undersigned counsel, comes Akerman Senterfitt, PA ("*Applicant*" or "*Akerman*"), special counsel for the Debtor, Gulf Fleet Holdings, Inc., Gulf Ocean Marine Services, LLC, Gulf Fleet Offshore, LLC, Gulf Fleet Management, LLC, Gulf Fleet Marine, Inc., Gulf Fleet, LLC, Hercules Marine, LLC, Gulf Worker, LLC, Gulf Service, LLC, Gulf Wind, LLC, and Star Marine, LLC (the "*Debtors*"), which pursuant to the provisions of 11 U.S.C. §§ 330 and 331 file this Third and Final Application for Compensation and for Reimbursement of Expenses incurred, for the period from January 1, 2011 through April 30, 2011 (the "*Interim Application Period*") and the entire period of employment of the Applicant from January 1, 2011, 2010 through April 30, 2011 ("*Final Application Period*"), and in support thereof respectfully represents:

1.

On May 14, 2010 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "*Bankruptcy Code*"). Since that time, the

Debtors have operated as a debtors-in-possession pursuant to the provisions of 11 U.S.C. §§ 1107 and 1108.

2.

On June 16, 2010, the Debtor requested an order authorizing the employment and retention of Akerman as Debtor's Special Counsel (**Docket No. 133**). Applicant's employment as Special Counsel to represent the Debtor was approved *nunc pro tunc* to May 14, 2010 by an order entered August 10, 2010 (**Docket No. 335**).

3.

Pursuant to the Debtor's request, this Court entered its Administrative Order Under Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members (the "*Payment Procedures Order*") on May 25, 2010 (**Docket No. 51**).[1]

4.

In accordance with the terms of the Payment Procedures Order, Applicant has forwarded its monthly invoices for services provided during the months of January 2011 through April 2011 (collectively, the "*Invoices*") to the Debtor, counsel for the United States Trustee, Leonard Copeland, and counsel for Official Committee of Unsecured Creditors, and after the expiration of the applicable period for such parties to dispute the subject invoices, the Debtor has paid or will pay to the Applicant amounts representing 80% of the fees and 100% of the expenses incurred by Applicant

---

[1] Akerman's First Interim Application for Compensation and Reimbursement of Expenses sought an interim award of fees in the amount of $42,594.00 and an interim award of costs in the amount of $2,422.65 for a total interim award of $45,016.65 which was granted by Order of this Court dated November 3, 2010 (the "*First Interim Award*") (D.E. 596). Akerman's Second Interim Application for Compensation and Reimbursement of Expenses sought an interim award of fees in the amount of 160,311.25 and an interim award of costs in the amount of $13,093.25 for a total interim award of $173,404.50 which was granted by Order of this Court dated March 9, 2011 (the "*Second Interim Award*") (D.E. 801).

during this period. Copies of the redacted time entries are attached hereto and incorporated herein, *in globo*, as Exhibit "3."

5.

The Payment Procedures Order also provides a mechanism whereby the Applicant can seek approval of all monthly invoices, and, subject to the approval of the Court, recover the remaining 20% holdback on the legal fees.

6.

By this Application, Applicant seeks interim approval of all fees for professional services rendered during the Interim Application Period in the amount of $38,954.00, reimbursement of expenses incurred during the Interim Application Period of $2,369.37. Additionally, the Applicant seeks final approval of all fees for professional services rendered during the Final Application Period (including the First Interim Award, the Second Interim Award, and all fees during the Interim Application Period) in the total amount of $241,859.25, and reimbursement of expenses incurred during the Final Application Period in the total amount of $17,885.27.

7.

In *First Colonial Corporation*, 544 F.2d 1291 (5th Cir. 1977), the court held that the 12 factors found in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974) are to be considered when awarding compensation. These are set forth below:

    A.    The time and labor required.

    B.    The novelty and difficulty of the question presented.

    C.    The skill required to perform the legal services.

D.  The preclusion of other employment by attorneys due to acceptance of the case.

E.  The customary fee in the community.

F.  Whether the fee is fixed or contingent.

G.  The time limitation imposed by the client or circumstances.

H.  The amount involved and the result obtained.

I.  The experience, reputation and ability of the attorney.

J.  The undesirability of the case.

K.  The nature and length of the professional relationship with the client.

L.  Awards in similar cases.

8.

Given the complexity of the Hilman Adversary case and the amount and level of work undertaken by the Applicant during the Application Period, Applicant believes that the following analysis of the *Johnson* factors is appropriate:

**A.  The time and labor required**

The total charges for Applicant's services in this case during the Interim Application Period are $38,954.00 at its approved hourly rates. In addition, a total of $2,369.37 in out of pocket expenses is set forth in the Applicant's expense reimbursement summary. Attached hereto and incorporated herein, *in globo*, as Exhibits "1A, 1B, 2, and 3" are spreadsheets that reflect the time spent by the various attorneys and para-professionals employed by the Applicant, as well as the expenses incurred by the Applicant during the Application Period. During the Interim Application Period, the Debtor has expended substantial time and effort working with the Debtor, prosecuting the Hilman Adversary case for the benefit of the Debtors' Estates.

### B. The novelty and difficulty of the questions presented.

The Hilman Adversary case involves substantial claims and potential liabilities for the Debtors' estates. During the Application Period, Applicant's efforts have been in several areas. Applicant devoted significant time to, *inter alia*:

(i) Responding to onerous electronic discovery requests by the Hillmans;

(ii) Extensive discussions and strategizing on potential avenues for settlement with co-counsel and opposing counsel;

(iii) Researching and amending the Debtor's Counterclaim against the Hillmans.

(iv) Review and analysis of the Hillmans' latest amended Petition and researching transfer and consolidation of a state court matter filed by the Hillmans against the Debtor's officers and directors;

(v) Conducting extensive legal research on the issues raised in the Hillman Adversary;

(vi) Investigate potential Directors and Officers Liability coverage and Crime Claims insurance coverage against Hillman;

(vii) Material assistance in preparation to defend the Hillmans' Motion for Temporary Allowance of Claims for Voting Purposes.

### C. The skills required to perform the legal services.

The Hillman Adversary case constitutes a relatively complex civil litigation dispute in terms of the damages involved and the level of skill and sophistication required to defend and prosecute the claims asserted by all parties. When possible, certain projects have been handled by para-professionals or associates.

### D. Preclusion of employment due to acceptance of the case.

Counsel has not been precluded from employment during the Application Period, although this matter has demanded a great deal of Applicant's time to the exclusion of certain other matters being handled by the Applicant.

### E. The customary fee in the community.

Applicant believes its customary fees for services are equal to other firms in the local legal community and below those in the national legal community with respect to insolvency matters. In addition, pursuant to this Court's Order appointing Applicant as Special Counsel, Applicant has capped its highest hourly rate at $425 per hour.

### F. Whether a fee is fixed or contingent.

All fees due counsel for services performed in the Hillman Adversary case and the bankruptcy proceedings are billed at a fixed hourly rate and are subject to the approval of the Court.

### G. Time limitation imposed by client or circumstances.

All matters regarding this case have received priority due to the complexity of the issues involved and the need for quick action in the case.

### H. Amounts involved and results obtained.

The case involves potential damages in excess of $60 million dollars. Applicant submits that the results obtained have been favorable to date, in that the Applicant has successfully defended a challenge to the restrictive covenants contained in the parties' purchase agreement and Hillman's employment agreement. In addition, until the Adversary is at issue, Applicant continues to independently investigate and discover support for its claims so that once discovery ensues in earnest, the issues necessary for discovery can be minimized.

### I. Experience and Reputation of Attorneys.

Applicant respectfully submits that the professionals involved in this case are experienced and competent.

### J. The undesirability of the case.

This case is not undesirable and this is not a factor in this matter.

### K Awards in similar cases.

Applicant asserts that an order of compensation on the basis prayed for is consistent with that awarded in similar cases in the Western District of Louisiana.

9.

Applicant is entitled to make this application pursuant to the 11 U.S.C. §§ 330 and 331.

10.

A summary of time spent by Applicant in this case, as allocated to specific projects is set forth is Exhibit "1B" attached herein.

11.

Applicant has incurred various reimbursable costs and expenses during the Application Period in the amount of $2,369.37. A breakdown of the expenses by category is included in the Summary of Fees and Expenses, which is attached hereto as Exhibit "2."

12.

This is the third application submitted by the Applicant.

**WHEREFORE**, Applicant prays that the Court enter an Order: (i) granting an interim allowance to Applicant in the sum of $38,954.00 for services rendered and 2,369.37 for costs incurred in the Interim Application Period for a total amount of $41,323.37, (ii) authorizing and directing that the Debtors pay Applicant $41,323.37 as an allowed administrative expense of the Debtors' estates, less any amounts previously paid to Applicant in accordance with the Payment Procedures Order, (iii) granting final approval of the fees for services rendered during the Final Application Period (including the First Interim Award, Second Interim Award, and the fees for services during the Interim Application Period) in the amount of $241,859.25, reimbursement of expenses in the amount of $17,885.27, for a total final award of $259,744.52; (iv) authorizing and directing the Debtors to pay Applicant all allowed and unpaid fees and costs; and (v) granting such other relief as this Court deems appropriate.

Respectfully Submitted,

AKERMAN SENTERFITT

By:     /s/ *Jason S. Oletsky*
    Jason S. Oletsky, Esq.
    Admitted *Pro Hac Vice*
    Florida Bar No.: 009301
    350 East Las Olas Blvd. – Ste. 1600
    Ft. Lauderdale, FL 33301
    Tel: 954-463-2700
    Fax: 954-463-2224
    E-mail: jason.oletsky@akerman.com

AND

| | |
|---|---|
| LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD | /s/ Christopher T. Caplinger<br>STEWART F. PECK (#10403)<br>CHRISTOPHER T. CAPLINGER (#25357)<br>BENJAMIN W. KADDEN (#29927)<br>JOSEPH P. BRIGGETT (#33029)<br>601 Poydras Street, Suite 2775<br>New Orleans, LA 70130<br>Telephone: (504) 568-1990<br>Facsimile: (504) 310-9195<br>Email: speck@lawla.com; ccaplinger@lawla.com; bkadden@lawla.com; jbriggett@lawla.com<br>*Attorneys for the Debtors* |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Third and Final Application for Compensation and Reimbursement of Expenses of Akerman Senterfitt, PA as Special Counsel for the Debtor has been served upon those parties receiving electronic notification via the Court's CM/ECF System and the parties listed on the attached service list the 16th day of May 2011.

                                                                                 /s/ Christopher T. Caplinger
                                                                                 Christopher T. Caplinger

| | | |
|---|---|---|
| Adriatic Marine, LLC<br>P.O. Box 259<br>Harvey, LA 70059 | BNA Marine Services<br>P.O. Box 150<br>Morgan City, LA 70380 | BrasCrew service deRecrutamento<br>Av. Venezuela<br>27-10 andar-Centro<br>Rio de Janeiro Cep: 20.081-311<br>Brasil |
| Coastal Distributors, Inc.<br>503 Amarillo Drive<br>Houma, LA 70360 | Coastal States FFST, Inc.<br>P.O. Box 1293<br>Amelia, LA 70340-1293 | Cummins Mid-South, LLC<br>P.O. Box 842316<br>Dallas, TX 75284-2316 |
| Doerle Food Services, LLC<br>113 Kol Drive<br>Broussard, LA 70518 | Fleet Operators, Inc.<br>P.O. Drawer 350<br>Morgan City, LA 70381 | FPS, Inc - New Orleans<br>821 Industry Road<br>Kenner, LA 70062 |
| Genesis Offshore<br>P.O. Box 1660<br>Gray, LA 70359 | Hudson Offshore<br>P.O. Box 1781<br>Morgan City, LA 70381 | NREC Power Systems<br>P.O. Box 3016<br>Houma, LA 70361 |
| Odyssea Marine, Inc.<br>2500 City West Blvd., Ste 1225<br>Houston, TX 77042 | Port Logistic Agencia Maritima<br>Av. Venezuela, 27-10 andar<br>Centro-Rio de Janeiro<br>Cep: 20.081-311<br>Brasil | Qorval<br>2210 Vanderbilt Beach Road<br>Suite 1206<br>Naples, FL 34109 |
| Star Tech Marine Electronics, Inc.<br>Fidelity Working Capital, LLC<br>P.O. Box 2671<br>Baton Rouge, LA 70821 | Stewart Supply, Inc.<br>P.O. Drawer L<br>Morgan City, LA 70381 | Thoma-Sea Ship Builders, LLC<br>P.O. Box 399<br>Bourg, LA 70343 |
| Vacco Marine, Inc.<br>P.O. Box 8032<br>Houma, LA 70361 | White & Case LLP<br>200 South Biscayne Blvd.<br>Suite 4900<br>Miami, LA 33131 | Bank of America, N.A.<br>GA&-903-03-03<br>1355 Windward Concourse<br>Alpharetta, GA 30005 |
| Bank One Equity Investors-Bidco, Inc.<br>Attn: Nemo Viso<br>236 Third Street<br>Baton Rouge, LA 70801 | Bank of America<br>P.O. Box 45224<br>Jacksonville, FL 32232-5224 | Brightpoint Capital<br>Attn: Jeff Zanarini<br>1001 Brickell Bay Drive<br>32nd Floor<br>Miami, LA 33131 |
| LBC Credit Partners<br>Attn: Chris Calabrese<br>Cira Centre, 2929 Arch Street<br>Philadelphia, PA 19104-2868 | Comerica Bank<br>Attn: David Balderach<br>910 Louisiana Street, Ste 410<br>Houston, TX 77002 | Comerica Bank<br>P.O. Box 650282<br>Dallas, TX 75265-0282 |

Office of the United States Trustee
300 Fanin Street, Room 3196
Shreveport, LA 71101

R. Patrick Vance
Mark A Mintz
Jones, Walker, Waechter, et al
201 St. Charles Ave., 49th Floor
New Orleans, LA 70170

Henry A. King, Timothy S. Madden &
Robert J. Stefani
King, Krebs & Jurgens, P.L.L.C.
201 St. Charles Ave., 45th Floor
New Orleans, LA 70170

Joseph P. Hebert
Liskow & Lewis
P.O. Box 52008
Lafayette, LA 70505-2008

Steven J. Solomon
Gray Robinson, P.A.
1221 Brickell Ave., Suite 1600
Miami, LA 33131

Phillip K. Jones
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, LA 70139

Alan H. Katz, Asst. General Counsel
Entergy Services, Inc.
639 Loyola Ave., 26th Floor
New Orleans, LA 70113

Michael J. McGinnis
El Paso Corporation
1001 Louisiana, Suite 1540B
Houston, TX 77002

H. Kent Aquillard
P.O. Box 391
Eunice, LA 70535

Thomas S. Henderson
Burleson Cooke, LLP
711 Louisiana, suite 1701
Houston, TX 77002

William P. Gibbens
Schonekas, Evans, McGoey & McEachin
650 Poydras Street, Ste 2105
New Orleans, LA 70130

Bayou State Marine & Indus Supply
c/o Craig A. Ryan
Onebane Law Firm
1200 Camellia Blvd., Suite 300
Lafayette, LA 70508

Alber J. Derves, IV
The Derbes Dirm, L.L.C.
3027 Ridgelake Drive
Metairie, LA 70011-8176

Melanie M. Mulcahy
The Derbes Dirm, L.L.C.
3027 Ridgelake Drive
Metairie, LA 70011-8176

Alan H. Goodman
Lemle & Kelleher, L.L.P.
601 Poydras Street, Suite 2100
New Orleans, LA 70130

Timothy S. Mehok
Lemle & Kelleher, L.L.P.
601 Poydras Street, Suite 2100
New Orleans, LA 70130

Joel Babineaux
1201 Camellia Blvd., Ste 300
Lafayette, LA 70508

C. Berwick Duval, II
Duval, Funderburk, Sundbery,
Lovell & Watkins
P.O. Box 3017
Houma, LA 70361

Lucas Gaskamp
Sullins & Johnston
3200 Southwest Freeway, Suite 2200
Houston, TX 77027

J. Eric Lockridge
Kean Miller Hawthorne
D'Armond McCowan & Jarman
P.O. Box 3513
Baton Rouge, LA 70821-3513

{FT767923;1}